W. S. BAILEY v. JOHN C. MATTHEWS.

(Filed 27 September, 1911.)

1. Pleadings—Preparation—Discovery—Affidavits—Procedure.

When the record or proceedings do not disclose the facts upon which a motion is made to examine a defendant for the purpose of preparing a complaint in an action, the mover must show by affidavit such facts as will entitle him to the order he asks, so that it may appear that it is material and necessary that the examination should be had, and that the information desired is not already accessible to the applicant. Revisal, sec. 865.

2. Same—Materiality—Good Faith—Courts.

The court is not bound to order an examination of a defendant for the purpose of preparing a complaint, unless it is made to

appear under oath of the mover that such an order is necessary, that the evidence sought to be elicited is material, and that the application is made in good faith.

3. Pleadings—Preparation—Discovery—Place of Examination.

An examination of defendant to discover facts necessary to be obtained in preparing a complaint must be made in the county of his residence. Revisal, sec. 866. The right of respondent to refuse to answer incriminative questions touched upon.

APPEAL by plaintiff from *Ward, J.,* first March Term, 1911, of NASH.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Walker.*

*E. B. Grantham for plaintiff.*
*Bunn & Spruill and Jacob Battle for defendant.*

WALKER, J. This action seems to have been brought by the plaintiff against his wife, Mrs. Ella Frances Bailey (*née* Ella Frances Finch), Susie Nelson Finch, stepdaughter of plaintiff (now Susan N. Hester, wife of Dr. Joseph Hester), and others, to recover damages for a libel committed in conspiring with each other to make and in making fraudulent, libelous, and slanderous charges of and concerning the plaintiff, who at the time was postmaster at Spring Hope, N. C., for the purpose of preventing the Post-office Department at Washington, D. C., from issuing a commission to him as postmaster; John C. Matthews, one of the defendants, acting postmaster at Spring Hope, being a rival candidate for the said appointment. We gather this much from the unsworn statement of the plaintiff, no complaint having been filed.

The plaintiff appealed to the court below for an order for the examination of one of the defendants, Mrs. Susie N. Hester, under Revisal, sec. 865, before the Clerk of the Superior Court of Nash County, on 9 March, 1911, in order that he might ascertain facts necessary to be known for the purpose of preparing and filing his complaint. Mrs. Hester objected to the granting of the order, upon the following grounds:

1. The summons was served upon her in Halifax County, she now being a resident of Wake County, and, therefore, she can-

not be compelled by order of the court to submit to examination in Nash County, under Revisal, sec. 866.

2. No complaint has been filed, and no affidavit, showing the nature or probable nature of the cause of action, or other facts entitling the plaintiff to the relief he seeks.

3. If the action is for libel, and as she cannot be compelled to discover any matter or any facts which would incriminate her or tend to do so, and as she claims her constitutional privilege exempting her from examination in such a case, and as any testimony that she could give in this cause would necessarily tend to that result, the plaintiff is not entitled to an order for her examination, under Revisal, sec. 865.

We are of the opinion that the second ground of objection is a valid one, and that the order of T. A. Sills, clerk of the Superior Court (affirmed by the judge), was right, though their decision was based, not upon the reason we now give for its correctness, but upon the third of the grounds assigned by the respondent.

It is the general rule and the custom in judicial proceedings, that a motion for an order should be based upon an affidavit stating the facts which entitle the mover to the order for which he asks, and the reason of the thing fully justifies the rule. It is said by the text-writers that, "Where a motion is founded upon extrinsic facts, and not solely upon matters apparent upon the face of the record or proceeding, it must, of course, be supported by evidence or proof" (14 Enc. of Pl. and Pr., 147), though in passing upon this kind of proof the ordinary rules of evidence are not strictly observed. The form of this proof may vary with the particular nature of the case. Affidavits, depositions, admissions in pleadings, may be considered, but the usual form of the proof is an affidavit; that is, the evidence must be under oath. It is again said in 14 Enc. of Pl. and Pr., at p. 158: "Where the right to the relief sought is based upon facts not apparent of record, the existence of such facts must be proved by affidavits or other competent evidence. And conversely, where the motion is grounded solely upon matters apparent upon the face of the record or proceeding, it need not be thus supported." And again: "In practice, affidavits are

most frequently used to initiate legal proceedings, and to further the various stages therein; to certify and prove the service of process, or other matters relating to the proceedings in a cause; and to support or oppose motions, in cases where a court determines matters in a summary way; and for various other purposes." 1 Enc. Pl. and Pr., at page 333. Numerous cases are cited in the notes to these passages, sustaining the rule as thus stated. In a proceeding of this kind, it is of the first importance that the application for an order of examination should be under oath, stating facts which will show the nature of the cause of action, so that the relevancy of the testimony may be seen and the court may otherwise act intelligently in the·matter, and it should appear in some way, or upon the facts alleged, that it is material and necessary that the examination should be had and that the information desired is not already accessible to the applicant. It should also appear that the motion is made honestly and in good faith and not maliciously— in other words, that it is meritorious. 8 Enc. of Pl. and Pr., p. 41 *et seq.* Surely, a clerk or judge is not bound to grant such an order if it appears to be unnecessary, or if the evidence sought to be elicited is immaterial, or the application appears to be made in bad faith. It is but just and right that the application should be made under the obligation and responsibility of an oath to protect the respondent against false and malicious accusations and vexatious proceedings. The law will not permit a party to spread a dragnet for his adversary in the suit, in order to gather facts upon which he may be sued, nor will it countenance any attempt, under the guise of a fair examination, to harass or oppress his opponent. It is a very rare case that requires the exercise of this function of the court, and the order should not be made without careful consideration and scrutiny. 8 Enc. of Pl. and Pr., 35 *et seq.* In *Jenkins v. Putnam,* 106 N. Y., 272, the Court said: "Where the judge can see that the examination is sought merely for annoyance or for delay, and that it is not in fact necessary and material, he ought not to be required, and cannot absolutely be required, to make the order." Whether this provision of the statute is

156—6

mandatory or not, we do not decide. It is sufficient now to hold that the order in this case should not have been made without a proper affidavit to sustain it.

In some States, notably New York, the statutes are very stringent in their provisions, and require a detailed affidavit fully setting out the facts upon which the right to the examination is claimed. Stovers' N. Y. Anno. Code (6 Ed.), sec. 872 and notes; 16 Am. Digest (Century Ed.), p. 2058, sec. 65, where the cases are collected.

It would seem that the party should be examined in the county of his residence. Rev., sec. 866. The other question, as to the privilege of the respondent arising out of the criminatory nature of the testimony, need not be considered at this time, for the purpose of a decision upon it, though it may be proper to refer to the statement of the doctrine in 8 Enc. of Pl. and Pr., 49 : "A party cannot be forced to answer questions which tend to criminate him or to subject him to a statutory penalty. It is held in some cases, however, that he cannot on this ground resist an application for an order for his examination, but may avail himself of his privilege at the time the objectionable questions are propounded to him; while in others it is held that if the only material evidence sought is criminating, the examination will not be allowed, otherwise the party will be left to his privilege at the examination, and this seems to be the general rule." It might be difficult sometimes to determine, in advance of the actual examination, whether or not the testimony proposed to be elicited will tend to criminate the party to be examined, but we express no opinion in regard to the question, as it may not arise again, and if it does, we prefer to give it more careful study before reaching a conclusion.

No error.