ISHAM FIELDS v. W. T. COLEMAN AND JAMES H. YOUNG.

(Filed 9 October, 1912.)

**Pleadings—Proceedings to Obtain Information—Materiality—Practice—Appeal and Error.**

In proceedings to elicit information preparatory to filing a complaint in an action by plaintiff alleging that the defendants had conspired to injure the plaintiff's character by preferring false charges against him, and securing his expulsion from the church, it appeared that the information sought was the production of certain letters alleged to have been written by one of the defendants to a certain woman which tended to prove an immoral relationship existing between them, without averment by the plaintiff that he did not know the charges made against him, and without his making the materiality of these letters to his cause appear. The judgment of the clerk, approved by the judge of the lower court, denying the plaintiff the right of examination sought, is upheld on appeal, applying *Bailey ·v. Matthews,* 156 N. C., 81.

APPEAL by plaintiff from judgment of *Webb, J.,* made at chambers on 18 April, 1912; from WAKE.

This is an appeal from a judgment of the Superior Court of Wake County, confirming an order of the clerk, revoking an order for the examination of parties defendant, and recalling the subpœna *duces tecum* that was issued with the same. The order revoked was made upon affidavit for the examination of the defendants, and with a view particularly to obtaining two

certain letters alleged to have been written by defendant Coleman to one Lovie Pitts, the plaintiff alleging that knowledge of the contents of said letters was necessary to the framing of his complaint.

The defendants contended that said letters were neither material nor necessary; that the object of the examination being to discover the said alleged letters, it was neither material nor necessary that said examination should be had, and that the application for said examination and subpœna *duces tecum* was in bad faith.

The plaintiff filed the following affidavit, upon which his motion was based:

"1. That this action is brought against the defendants, James H. Young and W. T. Coleman, for conspiring together to defame and injure the plaintiff in his good name, reputation, character, and business.

"2. That he expects to allege, upon securing from the said Young and Coleman the facts in relation thereto; that, pursuant to a conspiracy entered into between the said Young and Coleman, that they, the said Young and Coleman, circulated and preferred false charges against the plaintiff and procured his expulsion from the First Baptist Church, colored, of Raleigh, N. C., and otherwise injured the plaintiff in his character, reputation, and business.

"3. That he expects to establish evidence by the defendant James H. Young which will enable him to allege in his said complaint that the said Young has in his possession or under his control certain letters which were written by the defendant Coleman, who was at that time the pastor of the First Baptist Church, colored, of Raleigh, N. C., to a certain woman by the name of Lovie Pitts, which letters tend to show that there were existing between the said Coleman and the said Lovie Pitts.improper relations, and that tend to show gross immorality on the part of the said Coleman.

"4. That the plaintiff expects in the said examination of the said Young and Coleman facts that will authorize him in his said complaint to allege that the said Coleman was the pastor of the said First Baptist Church, colored, at Raleigh; that

plaintiff was a member thereof, and that plaintiff had certain information in reference to the relations existing between the defendant Coleman and the said Lovie Pitts and as to the existence of the letters hereinbefore referred to, and that the plaintiff proceeded to take certain steps and preferred charges against the said Coleman, as pastor, and attempted to have the said Coleman brought to trial before the said church, on account of the letters written by the said Coleman to the said Lovie Pitts, when the said Young and Coleman conspired together to suppress said letters and other evidence against the said Coleman, and thereupon the said Young and Coleman preferred charges against plaintiff in the said church and circulated false and slanderous reports against the plaintiff, charging him with lying and with bringing false charges against the said Coleman, and on account of said conspiracy and suppression of facts, false charges, and trickery and chicanery, procured the expulsion of the plaintiff from said church, and injured plaintiff in his reputation, character, standing, and business.

"5. That the plaintiff demands the production of the said letters, that he may set forth copies or the substance thereof in his complaint, so that he may justify himself in the action which he took in attempting to have the said First Baptist Church of Raleigh, colored, deal with the said Coleman, and to show that said Coleman was guilty of gross immoral conduct and not a suitable person to be and remain as pastor of the said First Baptist Church, colored, and to show that said Young and Coleman suppressed said letters to shield and protect said Coleman, and to show that the suppression of the said letters and the charges against the plaintiff, which secured his expulsion from the said church, was in pursuance of the conspiracy between the said Young and Coleman and to injure the plaintiff in his good name and reputation.

"And having thus submitted to the defendants a full and fair statement and bill of particulars, the plaintiff demands that said examination be proceeded with under the statute."

*Douglass, Lyon & Douglass for plaintiff.*
*Jones & Bailey for defendant.*

ALLEN, J.  The plaintiff is not asking for an examination of the defendants, after pleadings filed, preparatory to a trial, but that he may examine them to elicit certain information to enable him to file his complaint, and, as was said by *Justice Walker* in *Bailey v. Matthews,* 156 N. C., 81: "In a proceeding of this kind, it is of the first importance that the application for an order of examination should be under oath, stating facts which will show the nature of the cause of action, so that the relevancy of the testimony may be seen and the court may otherwise act intelligently in the matter, and it should appear in some way, or upon the facts alleged, that it is material and necessary that the examination should be had and that the information desired is not already accessible to the applicant. It should also appear that the motion is made honestly and in good faith and not maliciously—in other words, that it is meritorious.  8 Enc. of Pl. and Pr., p. 41 *et seq.*  Surely, a clerk or judge is not bound to grant such an order if it appears to be unnecessary, or if the evidence sought to be elicited is immaterial, or the application appears to be made in bad faith. It is but just and right that the application should be made under the obligation and responsibility of an oath to protect the respondent against false and malicious accusations and vexatious proceedings.  The law will not permit a party to spread a drag-net for his adversary in the suit, in order to gather facts upon which he may be sued, nor will it countenance any attempt, under the guise of a fair examination, to harass or oppress his opponent."

Tested by this principle, the ruling of the clerk revoking the order for an examination, and of his Honor confirming his judgment, were in accordance with law.

The affidavit of the plaintiff shows that this action is brought, for that the defendants had conspired to injure his character by preferring false charges against him, and securing his exclusion from his church, and the information he is trying to procure is the production of certain letters alleged to have been written by the defendant Coleman to a woman, which he says will prove an immoral relationship existing between them.  He does not allege that he does not know what charges were made

against him, and it is not conceivable that he does not, and the materiality of the letters to his cause of action does not appear.

If so, he has sufficient information for preparing his complaint, and the letters are not material for that purpose.

We find no error.

Affirmed.