JOHN W. WARD v. R. F. MARTIN.

(Filed 3 April, 1918.)

1. **Evidence—Examination of Party—Incrimination—Refusal to Answer—Statutes.**

Where no statutory immunity is given, a party to an action cannot be compelled to testify to matters that manifestly tend to. convict him of a crime, whether the examination takes place at or before the trial.

2. **Evidence—Examination of Party—Statutes—Affidavits.**

Upon application to examine a defendant before the clerk of the Superior Court, prior to trial (Revisal, secs. 865, 866) and to aid in preparing the complaint, such facts as will entitle the movant to the order must be made to appear by affidavit; but after filing a verified complaint setting out a cause of action, the plaintiff has a right to the order for examination, and the leave of the court is unnecessary.

3. **Same—Incrimination—Refusal to Answer.**

An order to examine a defendant under Revisal, secs. 865, 866, will not be denied on the ground that the answers of the .defendant will tend to incriminate him, in an action wherein the complaint has been filed alleging that the defendant had misappropriated the plaintiff's money while acting as his bookkeeper and accountant, the answers of defendant not necessarily having to show a criminal intent, etc., and the time for his refusal to answer being when such incriminating questions are asked on the examination.

4. **Evidence—Incrimination—Oath of Party—Attorney and Client.**

The privilege to refuse to answer questions tending to incriminate a party must be claimed by the party under oath, and not by his attorney, and an order to examine the party to an action under Revisal, secs. 865, 866, may not be revoked on motion made on written notice of his attorney, stating that the answers sought to be elicited will tend to incriminate him.

5. **Appeal and Error—Examination of Party—Premature Appeal—Supreme Court's Discretion.**

While ordinarily an appeal from an order of the clerk of the court for examination of a party under oath is premature, the Supreme Court, in this case, in its discretion, considered the appeal on its merits.

WALKER, J., dissents.

WARD *v.* MARTIN.

CIVIL ACTION pending in Superior Court of Robeson County. The plaintiff having filed his verified complaint, moved in the cause for an order to examine defendant before the clerk prior to trial under Revisal, secs. 865, 866. The clerk made the order and the defendant moved to vacate the same. The motion was denied and defendant appealed to the Superior Court. His Honor *Judge Bond* affirmed the order of the clerk, October Term, 1917, and defendant appealed.

*MacLean, Varser & MacLean, McIntyre, Lawrence & Proctor for plaintiff.*
*H. E. Stacy, T. A. McNeill, Jr., Johnson & Johnson, W. E. Lynch, Manning & Kitchin for defendant.*

BROWN, J. The grounds upon which the motion to vacate the order is based are: (1) That the order would allow plaintiff to examine defendant as to his private affairs immaterial to the matters in controversy. (2) That the complaint and affidavit indicate the purpose of plaintiff to secure from defendant evidence of an incriminating character tending to convict him of a crime, in violation of his constitutional rights.

We recognize the general principle that where no statutory immunity is given, a party to an action cannot be compelled to testify to matters that manifestly tend to convict him of a crime, whether the examination take place at or before the trial. Where no complaint has been filed and the purpose of the examination is to aid in preparing the complaint, the mover must show by affidavit such facts as will entitle him to the order. In this case the complaint has been filed and sets out a cause of action against defendant. The plaintiff then has a right under the statute to examine the defendant. No leave of court is necessary, as was the case under the old bill of discovery. That requirement is omitted from our statute. *Vann v. Lawrence,* 111 N. C., 34. The cause of action set out in the complaint is based upon an alleged misappropriation of money by defendant while acting as bookkeeper and accountant for plaintiff.

It is contended that the order for examination should be vested because any answers that defendant should make to questions asked him would necessarily tend to convict defendant of a crime.

While all courts hold that a party cannot be forced to answer questions which tend to criminate him or subject him to a statutory penalty, yet they are divided somewhat as to when he may assert his privilege when the attempt to examine him is made before trial. Some courts hold that the party cannot resist an order for his examination upon such ground, but that he must avail himself of his privilege at the time the

objectionable questions are propounded to him, while others declare that if the *only material* evidence is sought is *necessarily* incriminating, the examination will not be allowed, otherwise the party will be left to assert his privilege at the examination. The author of Ency. of Pleading and Practice arrays all the cases *pro* and *con,* and says the latter seems to be the general rule.

In order to vacate an order for examination, all those authorities hold that it must be plainly apparent that the evidence sought must *necessarily* tend to convict the party to be examined of a crime or to subject him to a penalty or forfeiture. 14 Cyc., 363. We are inclined to the view that the plaintiff should not be denied a plain statutory right to examine his adversary before trial solely because the latter claims that any answer he may make will tend to convict him of a crime. This rests the matter upon the *ipse dixit* of the defendant, and not upon the judgment of the court.

It is true the complaint charges the defendant with misappropriating funds belonging to plaintiff. This may or may not constitute an indictable offense according to circumstances, one of which is the criminal intent. The evidence of defendant, instead of convicting him of a crime, may tend to exculpate him and by satisfactory explanation induce plaintiff to cease the prosecution of his action. Proceeding with the examination does not deny defendant any constitutional right. If he cannot answer the questions propounded without incriminating himself, he can then avail himself of his privilege. To proceed with the examination cannot deprive defendant of any protection thrown around him by the law, while to stop it would deprive plaintiff of a right conferred by the statute. The defendant cannot be hurt while the plaintiff may.

There is another reason why the order of examination should not be vacated. The claim for privilege must be made by the *party,* and cannot be made for him by an attorney, and it must be made under oath. 14 Cyc., 363-364 and cases cited. When it is made during examination, it is necessarily made after the party being examined has been sworn. In this case the claim for privilege is asserted by counsel for defendant in a written notice of a motion to revoke the order of examination. It is not based upon any affidavit of defendant and does not appear to be his personal act, but that of his attorneys acting for him.

A motion was made to dismiss this appeal on the ground that it is premature. There are decisions of this Court holding that a party cannot appeal from an order to appear before the clerk to be examined under oath concerning the matters set out in the pleadings. *Pender v. Mallett,* 122 N. C., 163; *Holt v. Warehouse Co.,* 116 N. C., 480; *Vann v. Lawrence,* 111 N. C., 32.

19—175

In the exercise of our discretion, as the point presented is of first importance here, we have concluded to deny the motion and to consider the appeal on its merits.

The order of the Superior Court directing the examination of defendant under the statute is

Affirmed.