LILLIE MAY CARTWRIGHT v. NORFOLK SOUTHERN RAILROAD COMPANY AND THE PULLMAN CAR COMPANY.

(Filed 11 September, 1918.)

1. **Witnesses — Adverse Parties — Commission — Statute — Pleadings — Evidence—Supporting Affidavit—Waiver.**

   Where an adverse party, sought to be examined before a commissioner as a witness, before pleadings filed, excepts to the proceedings for the lack of a supporting affidavit, the exception should be sustained; but the irregularity may be waived by his not excepting to an order made at the next term of the court, requiring him to answer and taking advantage of a further and invalid provision therein.

2. **Same—Rights of Parties—Presence—Examination.**

   Where the court has entered an order that an adverse party answer questions he had refused to answer before a commissioner appointed under the provisions of the Revisal, sec. 856, a further provision that the party would be deemed to have complied if he thereafter filed answer under oath, deprives the examining party of his right to be present for cross-examination, etc., and is contrary to the provisions of Revisal, sec. 865, requiring that such examination must be in the same manner and subject to the same rules as applicable to other witnesses, etc.

3. **Appeal and Error — Witnesses — Evidence — Commission—Adverse Parties—Examination—Statutes.**

An appeal will directly lie from an order of the Superior Court, duly excepted to, denying to a party his right to be present at the examination of his adversary before a commissioner appointed for the purpose, under the provisions of Revisal, secs. 865, 866.

APPEAL by defendants from *Bond, J.,* 16 February, 1918; from PASQUOTANK.

This is an appeal from an order for the examination of the plaintiff.

On 11 November, 1916, the plaintiff had a summons issued against the Norfolk Southern Railroad Company and the Pullman Company.

On 24 September, 1917, she filed her complaint, in which she alleges that *"on or about* 31 October, 1916," she purchased a ticket at Norfolk for Elizabeth City; that as she got upon the platform of defendant's train she was informed "by the conductor *or some other* uniformed officer of the train" that there was no room in the regular coach, and that she would have to go in the Pullman, of which class of cars there were two, and, upon attempting to do this, was met at the door by the Pullman conductor and refused admission; that the manner of the Pullman conductor was wanton, rude, boisterous, and insulting, and was spoken in the presence of a number of ladies and gentlemen who were on the car, to her great damage, in the sum of $3,000; that after leaving the Pullman she was directed to a seat in the day coach that had been provided, which coach was in a filthy condition, and that the defendant allowed a large crowd of drinking men to get in said car, and several of its occupants to indulge in drinking, carousing, and boisterous conduct, to her great suffering, to the amount of $3,000.

On 12 November the defendant, Norfolk Southern Railroad, caused to be served on the plaintiff a notice, that in accordance with chapter 12, subchapter 45, of the Revisal of 1905, it would examine her, upon oath, on Monday, 19 November, at 10:30 o'clock, before William Boettcher, commissioner, in his office in Elizabeth City. A commission to said Boettcher was regularly issued and subpœna regularly served upon said plaintiff.

On 19 November the plaintiff, pursuant to said notice and subpœna, appeared, and, objecting to the taking of her testimony, upon the advice of her counsel, declined to answer any and all questions, except one or two preliminary ones asked her by defendant's counsel.

On 24 January the defendants gave notice to plaintiff that on Monday, 11 February, 1918 (it being the first day of February Term of Pasquotank Superior Court), they would move before Hon. W. M. Bond, judge, for an order striking out of the record the complaint filed by her.

The motion was heard by said judge, all parties being present, and he entered the order, the material parts of which are:

"It is adjudged by the court that the matter be and it is hereby remanded to the commissioner, William Boettcher, acting under the commission heretofore issued to him by the clerk of this court, to the end that he may at once notify counsel for both sides and the plaintiff, naming a time and place when and where the examination will be further proceeded with, and the said plaintiff is directed to appear at said time and place and answer, as far as she is able to do, such questions as shall be asked her by defendant's counsel.

"A delivery to the counsel for the defendants of answers written by the plaintiff to the questions which were asked her on the prior examination, accompanied by an affidavit from her that they are true and correct and signed by her, shall be a compliance with this order."

There was no exception by plaintiff to this order, and in recognition of its validity she claims to have complied with it by filing with defendant's counsel her answers to the questions which were propounded to her at the hearing on 19 November.

The defendants, however, excepted to the order, and, while agreeing that the court below may have had the right to remand the matter to the commissioner to take plaintiff's examination, contend that it was beyond the power of the court to make that provision in the order which reads as follows:

"A delivery to the counsel for the defendants of answers written by the plaintiff to the questions which were asked her on the prior examination, accompanied by an affidavit from her that they are true and correct and signed by her, shall be a compliance with this order."

*Ehringhaus & Small for plaintiff.*
*C. E. Thompson for Norfolk Southern Railroad.*
*James H. Pou for Pullman Company.*

ALLEN, J. The order of *Judge Bond* requires the plaintiff to appear before the commissioner for examination, and to answer, as far as able, all such questions as shall be asked by the defendant's counsel; and as the plaintiff does not appeal from this order, she is precluded from raising an objection to its regularity because made before issue joined and without a supporting affidavit; and the only question presented for decision is as to the correctness of the ruling that the delivery to counsel for the defendants of written answers to the questions asked before the commissioner shall be a compliance with the order requiring her to submit to an examination, which ruling is, in our opinion, erroneous.

The Revisal (sec. 865) provides that a party to an action may be examined as a witness at the instance of the adverse party, and "may be compelled, in the same manner and subject to the same rules of examination as any other witness, to testify, either at the trial or conditionally, or upon commission"; and the succeeding section authorizes this examination "at any time before the trial, at the option of the party claiming it, before a judge, commissioner duly appointed to take depositions, or clerk of the court."

These two statutes confer the right to examine the adverse party, in proper cases, "in the same manner and subject to the same rules of examination as any other witness"; and as one has the right to be present when he examines his witness, the same right exists when a party is examined either at the trial or before a commissioner.

It may be that no information will be gained on further examination that is not contained in the answers to the questions filed since the order was made, but we cannot say this is true.

The defendant's counsel might well have desisted from prolonging their examination before the commissioner until the right was declared, in face of the refusal of the plaintiff to answer any question, or the responses to the questions might suggest other lines of investigation.

In any event, the defendant has the right, under the statute, to examine the plaintiff before the trial as any other witness, and this right has been denied.

Appeals from orders, denying the right to examine a party, were entertained in *Bailey v. Matthews,* 156 N. C., 81, and in *Fields v. Coleman,* 160 N. C., 11, and this order comes well within the principle of these cases, since, while admitting the right to an examination, a provision is inserted in the order which enables the plaintiff to avoid its effect.

The order will be modified by striking out the objectionable feature, and as modified it is affirmed. Let the costs of the Supreme Court be taxed against the plaintiff and bond.

Modified and affirmed.