### R. M. JONES v. UNION GUANO COMPANY.

(Filed 10 November, 1920.)

**Pleadings—Examination of Party—Statutes—Motions.**

In order to examine the opposite party to an action to obtain evidence upon which to prepare a pleading, it must be properly made to appear that the evidence sought is necessary to be thus obtained; and where the facts relied on are fully set out in the complaint, the order to examine should not be granted; the remedy, in proper instances, being by motion to make the allegations more specific, or for a bill of particulars, especially when the defendant seeks no affirmative relief. Rev., 866; C. S., 901, 902.

APPEAL by plaintiff from *Ray, J.,* at chambers in Winston, 17 May, 1920.

This is one of 19 actions in Rockingham Superior Court by 19 farmers against the Union Guano Company for damages for breach of warranty in certain fertilizers, causing them losses in their crops. After the complaint was filed, the defendants filed a petition to examine said plaintiffs to secure information on which to file its answer. In absence of the plaintiffs and their attorneys, the clerk signed an order directing the plaintiffs to appear for examination on 19 April, 1920, on which date the plaintiffs filed an answer to said petition and order and asked that the order be set aside. Upon the hearing the clerk set aside the order and denied leave to examine the plaintiffs. Upon appeal to the judge at chambers, this order was reversed and judgment signed remanding the cause to the clerk at Rockingham with directions that the defendant should proceed with the examination of the plaintiffs, and

the plaintiffs appealed. It was agreed between the parties that the other 18 cases shall await and abide the decision of this question on appeal.

*J. M. Sharp for plaintiff.*
*Swink, Korner & Hutchins for defendant.*

CLARK, C. J. This proceeding for examination of the opposite party before trial was begun was under Rev., 866, now C. S., 901, 902.

This proceeding may be permitted to the plaintiffs to procure information to frame the complaint. *Holt v. Finishing Co.,* 116 N. C., 480, or after answer is filed the plaintiff may cause the defendant to be examined to procure evidence, *Helms v. Green,* 105 N. C., 251; *Vann v. Lawrence,* 111 N. C., 32. And by parity the defendant may have the plaintiff examined to procure information to file answer, or after the answer is filed, to procure evidence for the trial. It does not lie where, as in this case, the facts relied on are fully set out in the complaint, and the defendant can deny the same, or, if so disposed, it may answer on information or belief.

Both as to the plaintiff and the defendant, as is pertinently said in *Bailey v. Matthews,* 156 N. C., 78, "The law will not permit a party to spread a dragnet for his adversary in a suit in order to gather facts upon which he may be sued; nor will it countenance any attempt under the guise of a fair examination to harass or to oppress the opponent. It is a very rare case that requires exercise of this function of the courts, and this order should have not been made without careful consideration and scrutiny."

In *Lumber Co. v. R. R.,* 141 N. C., 170, it is said that if the pleadings are not specific enough the opposing parties may resort to a bill of particulars. The complaint herein is a clear, specific statement as to the purpose for which the fertilizer was bought, and the constituent elements which it was represented by the defendant to contain, and allegations of the falsity of such representations and of the damage.

It is evident that the defendant did not need any examination of the plaintiff to enable it to answer these allegations, and if the complaint had not been clear enough the remedy was by motion to make the allegations more specific, or for a bill of particulars, especially as the defendant has not set up a counterclaim or a demand for an affirmative relief.

In *Bailey v. Mathews,* 156 N. C., 81, *Walker, J.,* says that it is of first importance that an application for an order for such an examination be under oath, stating facts which will show that the nature of the action is such that "the testimony is relevant, and that the examination is material and necessary, and the information desired is not already

accessible to the applicant, and that the motion is made honestly and in good faith and not maliciously." This is reaffirmed in *Fields v. Coleman,* 160 N. C., 14; *Bank v. McArthur,* 165 N. C., 375, and cases cited.

It does not sufficiently appear upon the complaint and petition that these requirements have been complied with, and the order of the judge requiring the plaintiffs to be examined must be

Reversed.