J. M. MONROE ET AL. v. W. N. HOLDER.

(Filed 28 September, 1921.)

**Pleadings—Examination of Party—Statutes—Appeal and Error.**

An appeal will not directly lie to the Supreme Court from an order of the Superior Court judge affirming the action of the clerk in ordering the examination of the defendant to elicit certain information, alleged to be not otherwise obtainable, and material to the filing of the complaint, C. S., 900, when it does not appear that the defendant will be prejudiced or injured by the examination.

APPEAL by plaintiff from *Cranmer, J.,* at July Term, 1921, of LEE.

Civil action pending in the Superior Court of Lee County.

The plaintiffs, desiring to elicit certain information, which they allege is not otherwise obtainable, and is necessary and material to enable them to file their complaint, submitted the requisite affidavit and moved before the clerk for an order to examine the defendant as provided by C. S., 900 *et seq.* This was allowed. Whereupon, the defendant entered a special appearance before the clerk and moved to vacate the order of examination on the ground that it had been improvidently and improperly granted. From the clerk's refusal to strike out the order, the defendant appealed to the judge of the Superior Court, who, upon a hearing affirmed the order and judgment of the clerk. Plaintiff appealed.

*Williams & Williams for plaintiffs.*
*Hoye & Hoyle for defendant.*

STACY, J. It appearing that the order of examination, as entered by the clerk and approved by the judge, is based upon an affidavit, apparently sufficient in form and substance, and there being no denial of the facts or contrary showing by the defendant, we must dismiss the appeal as premature. *Pender v. Mallett,* 122 N. C., 163; *Holt v. Warehouse Co.,* 116 N. C., 480; *Vann v. Lawrence,* 111 N. C., 32.

It is true, in *Ward v. Martin,* 175 N. C., 287, the Court, in its discretion, entertained an appeal from an order of this kind, because of the important questions presented; but in the instant case it does not appear that the .defendant will be prejudiced or injured by the examination.

Of course, as said in *Bailey v. Matthews,* 156 N. C., 81, and repeated in *Fields v. Coleman,* 160 N. C., 11, "The law will not permit a party to spread a drag-net for his adversary in the suit in order to gather facts upon which he may be sued, nor will it countenance any attempt, under the guise of a fair examination, to harass or oppress his opponent." But these are matters which, in the first instance, must be committed to the wisdom and good judgment of those who grant the orders and supervise their execution. Until some right is denied or some wrong is done, the defendant should not be permitted to appeal, and thus delay the trial of the cause. *Holt v. Warehouse Co., supra.*

Appeal dismissed.