Civil action pending in the Superior Court of Buncombe County.
The H. K. Ferguson Company, as contractor, and the plaintiff, as subcontractor for the brick and masonry work, erected a factory for the American Enka Corporation at Enka, N.C. Plaintiff contends that he is entitled to collect from defendants a large sum for labor and work performed and materials furnished and used in the construction of said factory building. Under the terms of the contract between the plaintiff and the principal contractor, an alleged arbitration was had, resulting in an award for the plaintiff. The validity of this award is denied by The H. K. Ferguson Company and the American Enka Corporation. For the purpose, therefore, of determining whether the plaintiff should base his action upon the purported arbitration award, or upon the original contract, he filed a duly verified petition and motion in the cause and obtained an order directing certain officers and agents of the appealing defendants to appear before a commissioner for examination by the plaintiff to enable him to procure information for the drafting of his complaint. From this order the said defendants appeal, assigning error.
It has been suggested in a number of cases that an order for examination, such as the plaintiff seeks, should not be issued except after careful consideration and scrutiny, which seems to have been made in the instant case. Bailey v. Matthews, 156 N.C. 78, 72 S.E. 92. We have found nothing on the record to indicate any effort on the part of the plaintiff to set a dragnet for the defendants, or to annoy or harass them.Bell v. Bank, 196 N.C. 233, 145 S.E. 241; Chesson v. Bank, 190 N.C. 187,129 S.E. 403. But should this appear later on the examination, the parties will still be entitled to protection as suggested in Ward v.Martin, 175 N.C. 287, 95 S.E. 621.
A perusal of the record leaves us with the impression that the order was judiciously entered.
Affirmed. *Page 701