E. B. KNIGHT, LEE JORDAN, WILLIAM HANEY, HENRY COLLINS, SR., BAXTER NASH, CECIL BRASWELL, TRUSTEES OF FAULKS BAPTIST CHURCH, v. J. B. LITTLE, T. B. EDWARDS, T. K. COLLINS, L. V. PIERCE, T. BRICE GRIFFIN, GENERAL WEBB, E. N. BIVENS, CARROLL HANEY, J. W. DEAN, ROMMIE PIERCE, VERNON HANEY, OLIN HANEY, J. D. WEBB AND J. S. JAMES.

(Filed 8 June, 1940.)

**1. Appeal and Error § 2—**

Even though an appeal from an order granting plaintiffs' motion for an examination of the adverse party is premature, the Supreme Court may nevertheless in its discretion consider the matter upon its merits.

**2. Bill of Discovery § 1—Held: Petition disclosed that plaintiffs had knowledge of all facts necessary to constitute cause of action and petition for examination of adverse party should have been denied.**

In their petition for an order for the examination of the adverse party, plaintiffs alleged that they were seeking to recover, as trustees for a church, building material which had been placed on the church's land and which, pursuant to a conspiracy among the defendants, had been carried away or destroyed. *Held:* What part each of defendants took in the matter is immaterial since a conspiracy is alleged, and the petition alleges all ultimate facts necessary to constitute a cause of action except the value of the property and damages which must of necessity be within the knowledge of plaintiffs, and therefore the petition should have been denied.

**3. Same—**

An order for the examination of an adverse party is an extraordinary remedy, and a petition therefor should disclose the nature of the cause of action and make it appear that the information sought is material and necessary, and that it is not accessible to applicant, it being necessary that the petition be made in good faith and not merely to harass or oppress the adverse party or to gather facts upon which he may be sued. C. S., 901.

APPEAL by defendants from *Clement, J.,* at February Term, 1940, of UNION. Reversed.

A controversy between plaintiffs and the defendants and other members of an opposing group in the membership of the Faulks Baptist Church concerning the right of control of the church and its property has existed over a period of time. This controversy has resulted in litigation, both criminal and civil, of which this is the fourth action.

The plaintiffs having first procured the issuance of the summons herein against the defendants, filed a verified petition for an order permiting the examination of the defendants to secure information on which to file a complaint. Notice of a motion for an adverse examination was served on defendants.

When the petition and motion came on to be heard before the clerk it was denied and plaintiffs appealed.

The petition and motion were heard on appeal by Clement, J., who reversed the judgment of the clerk and entered an order requiring the defendants to appear before a commissioner named in the order "to be sworn and to answer such questions concerning the matters in controversy between the plaintiffs and themselves as may be propounded to them by the plaintiffs or their attorneys." The defendants excepted and appealed.

*Vann & Milliken for plaintiffs, appellees.*
*Helms & Mulliss for defendants, appellants.*

BARNHILL, J.   While the plaintiffs make no formal motion to dismiss the appeal for that it is fragmentary and premature, they so contend in their brief filed and cite authorities in support thereof.   It has been so held by this Court, *Holt v. Warehouse Co.,* 116 N. C., 487; *Smith v. Wooding,* 177 N. C., 546, 94 S. E., 404; *Monroe v. Holder,* 182 N. C., 79, 108 S. E., 359; *Johnson v. Mills Co.,* 196 N. C., 93, 144 S. E., 534, and cases cited.

Even though an appeal be premature this Court may, in its discretion, consider the questions presented and express an opinion upon the merits thereof.   *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 917; *Milling Co. v. Finlay,* 110 N. C., 411; *Bargain House v. Jefferson,* 180 N. C., 32, 103 S. E., 922; *Taylor v. Johnson,* 171 N. C., 84, 87 S. E., 981; *Ward v. Martin,* 175 N. C., 287, 95 S. E., 621; *Cement Co. v. Phillips,* 182 N. C., 437, 109 S. E., 257.

The plaintiffs, in their petition, allege that they are trustees of Faulks Baptist Church; that recently a fire of unknown origin destroyed the church building; that the plaintiffs, as trustees, have made plans to rebuild said church as a place of worship for the congregation; that they recently placed upon the grounds of said church a large number of brick and a large quantity of sand to be used in the reconstruction of said church; and,

"4. That on or prior to the 27th of August, 1939, the defendants, as these plaintiffs are informed, believe and allege, conspired and confederated together to destroy said property and for the purpose of injuring and damaging the plaintiffs and hindering, delaying and preventing the construction of said church, and that on the said 27th day of August, 1939, in carrying out the purpose and intent of said conspiracy the defendants, as the plaintiffs are informed and believe, did wilfully and maliciously destroy and remove said property to the great injury and damage of the plaintiffs."

As the plaintiffs in their complaint are required to allege only ultimate facts upon which the cause of action is based, it affirmatively appears from the petition filed that they are now in possession of and have alleged the facts essential to constitute a cause of action against the defendants for conversion and for damages for the destruction of personal property belonging to the plaintiffs, as trustees. The only fact not alleged is the value of the property thus destroyed or the amount of damages sustained by the conversion. As the plaintiffs purchased and placed on the church grounds the property which they allege the defendants destroyed or converted, it cannot be said that they are not in possession of information as to the value thereof. And as the plaintiffs rely upon allegations of conspiracy it is immaterial as to what part each defendant took in executing the conspiracy alleged.

From a reading of the original petition and the subsequent affidavit filed by the plaintiffs, it is apparent that the plaintiffs do not desire to obtain information to file a complaint against these defendants but they, in fact, are seeking to discover, through an examination of these defendants, the names of those who may, in fact, be liable to them on the cause of action alleged. This is not a proper objective under the terms of the statute.

In a proceeding of this kind it is of first importance that the petition for an order of examination should state facts which will show the nature of the cause of action and make it appear that the information sought is material and necessary; that the information desired is not already accessible to the applicant; and that the motion is made honestly and in good faith and not maliciously—in other words, that it is meritorious. The law will not permit a party to spread a dragnet for an adversary in the suit in order to gather facts upon which he may be sued, nor will it countenance an attempt under the guise of a fair examination, to harass or oppress his opponent. It is seldom that the exercise of this function of the Court is required. *Chesson v. Bank,* 190 N. C., 187, 129 S. E., 403; *Bailey v. Matthews,* 156 N. C., 78, 72 S. E., 92; *Fields v. Coleman,* 160 N. C., 11, 75 S. E., 1005; *Jones v. Guano Co.,* 180 N. C., 319, 104 S. E., 653; *Monroe v. Holder, supra.*

If the plaintiffs, as they assert, are proceeding in good faith against these defendants to recover damages for the wrongful destruction of property belonging to the plaintiffs, as trustees, then it appears that plaintiffs are in possession of information sufficient to enable them to prepare and file their complaint. If, as asserted by the defendants, the plaintiffs are seeking to prolong the controversy existing among members of the church and to further harass these defendants and their associates with litigation, then they may not do so under the guise of an application to examine defendants under the provisions of C. S., 901. In this connection we may note that the order entered does not restrict the examination to matters concerning the controversy relative to the particular building material described in the petition.

While it may be conceded that the appeal of the defendants is premature, we are of the opinion that the order of examination was improvidently granted, and that the order should be reversed as was done in *Jones v. Guano Co., supra,* in which the opinion was written by *Clark, C. J.,* and in *Chesson v. Bank, supra,* in which the opinion was written by *Stacy, C. J.*

Reversed.