LEONARD E. WASHINGTON v. SAFE BUS, INCORPORATED.

(Filed 28 June, 1941.)

**1. Bill of Discovery § 3—**

The verified petition for examination of an adverse party must state facts showing the nature of the cause of action, that the information sought is material and necessary and not otherwise accessible to applicant, and that the motion is meritorious and made in good faith.

**2. Bill of Discovery § 1—**

An order for the examination of an adverse party will not be granted to enable the plaintiff to spread a dragnet or to harass defendant under the guise of a fair examination.   C. S., 899, *et seq.*

**3. Bill of Discovery § 3—Petition held insufficient to support an order for the examination of defendant.**

Plaintiff filed a verified petition for the examination of the corporate defendant praying that an officer of the defendant appear with books and records of the corporation to furnish information in regard to interstate trips made by buses of defendant and in regard to hours of work and remuneration received by petitioner, upon allegations that petitioner had filed suit to recover sums due him under the Wage and Hour Law, that the information sought was otherwise inaccessible to petitioner and was necessary to the filing of the complaint, and that the petition was made in good faith.   *Held:* The petition is insufficient to support an order for the examination of defendant, since petitioner is not entitled to examine defendant in regard to hours of work and remuneration which petitioner himself received, and since it does not appear from the petition what relationship, if any, existed between petitioner and defendant or under what circumstances money is due petitioner, or in what respect the Federal Fair Labor Standards Act, presumably referred to, applies, or what person is sought to be examined or the office he holds with defendant corporation.

**4. Same—**

Where it is determined on appeal that there was error in approving the order for the examination of defendant upon the affidavit presented, plaintiff may thereafter move in apt time for examination of defendant upon proper affidavit setting out facts sufficient to entitle him to that relief.

SCHENCK, J., dissenting.

APPEAL by defendant from an order entered by *Rousseau, J.,* at March Term, 1941, of FORSYTH.   Reversed.

Motion for examination of defendant under C. S., 900 and 901.   From an order directing the examination as prayed, defendant appealed.

*Webster & Little for plaintiff, appellee.*

*Hosea Van Buren Price, Manly, Hendren & Womble, and W. P. Sandridge for defendant, appellant.*

DEVIN, J.   The defendant's appeal raises the question of the sufficiency of the verified petition upon which the plaintiff based his motion for the examination of the defendant, preliminary to filing his complaint.   The challenged petition is in these words:

"Whereas, petitioner has instituted action against Safe Bus, Inc., for money alleged to be due under the Wage and Hours Law; and

"Whereas, certain information with regard to interstate trips made by buses and drivers of the Safe Bus, Inc., and other information, par-

ticularly as shown by books and records of Safe Bus, Inc., with regard to hours of work and remuneration received by petitioner, is material and necessary for the purpose of filing complaint in said action; that the information desired is not already accessible to petitioner; and the motion hereby made is made honestly and in good faith, and not for the purpose of harassing and pressing the defendant.

"Wherefore, petitioner prays that an order issue out of this Court requiring an officer of Safe Bus, Inc., to appear, with books and records of the corporation relating to matters hereinabove referred to, at the office of the Clerk of the Superior Court of Forsyth County on the 25th day of February, 1941, at 10:00 o'clock A.M., there to give such information as may be necessary to the petitioner for the purpose of filing complaint in his action against Safe Bus, Inc."

The statutory provisions authorizing examination of adverse parties in order to obtain information necessary for the filing of proper pleadings are contained in section 899, *et seq.,* of the Consolidated Statutes. Interpreting these statutes, this Court has established the rule that in order to justify the examination the verified application must state facts which will show the nature of the cause of action, and that the information sought is material and necessary and not otherwise accessible to the applicant, and further that the motion is meritorious and made in good faith. But the court will not permit a party to spread a dragnet for an adversary to gain facts upon which to sue him, or to harass him under the guise of a fair examination. *Patterson v. R. R., ante,* 23; *Knight v. Little,* 217 N. C., 681, 9 S. E. (2d), 377; *Chesson v. Bank,* 190 N. C., 187, 129 S. E., 403; *Jones v. Guano Co.,* 180 N. C., 319, 104 S. E., 653; *Bailey v. Matthews,* 156 N. C., 78, 72 S. E., 92.

Considering plaintiff's petition in the light of the statutes as interpreted by this Court, we reach the conclusion that sufficient cause has not been shown in this case to entitle plaintiff to the examination prayed.

The grounds for the relief prayed, as set out in the application, are contained in two clauses, each beginning with the word "whereas." In the first clause it appears that the plaintiff has instituted action "for money alleged to be due under Wage and Hours Law." Presumably this refers to the Federal Fair Labor Standards Act of 1938 (29 U. S. C. A., sec. 201), but in what respect this statute applies, or under what circumstances money is due does not appear. *U. S. v. American Trucking Association,* 310 U. S., 534; *Hart v. Gregory,* 218 N. C., 184, 10 S. E. (2d), 644. It is not disclosed what relationship, if any, plaintiff bore to the defendant. It may be noted that the provisions of the Federal statute referred to, establishing minimum wages and maximum hours for labor, do not apply to employees of local motor bus carriers, nor to those as to whom the Interstate Commerce Commission has power

to make regulations as to maximum hours.   U. S. C. A. 29-30, sec. 213.

In the second clause it is stated that the information desired relates to interstate trips made by buses and drivers of the defendant, and the "other information" sought is with regard to hours of work and remuneration received by plaintiff.   It is not alleged that defendant is engaged in interstate commerce, or that plaintiff is engaged in any interstate activities, nor is it shown in what capacity or under what relationship money is due him.   Manifestly, plaintiff would not be entitled to examine defendant to ascertain the hours of work and the remuneration which he himself received.   Furthermore, it appears that the plaintiff asks for an order to examine "an officer" of the defendant.   Neither the person to be examined nor the office he holds with defendant corporation is designated.

While we think the judge below was in error in approving order for the examination of defendant upon the affidavit presented, this would not prevent the plaintiff from moving, in apt time, for an examination of defendant under the statute, based upon proper affidavit setting out facts sufficient to show he is entitled to that relief.   *Bohannon v. Trust Co.*, 210 N. C., 679, 188 S. E., 390.

Upon the record before us, we are constrained to hold that the order directing examination of defendant as prayed was improvidently granted, and that the judgment below must be

Reversed.

SCHENCK, J., dissenting: The defendant bottoms its appeal from judgment directing its appearance with its books and records relating to money alleged to be due the plaintiff under the wage and hour law to be examined for the purpose of obtaining information to draw complaint upon the question whether the "plaintiff's 'affidavit and petition' state a cause of action."

The rule has thus been laid down in *Johnson v. Mills Co.*, 196 N. C., 93, 144 S. E., 534: "C. S., 900, provides that 'where a corporation is a party to the action, this examination may be made of any of its officers or agents.'   When no pleadings have been filed the plaintiff by proper and sufficient affidavit may apply to the court for an order of examination.   *Bailey v. Matthews*, 156 N. C., 78, 72 S. E., 92; *Fields v. Coleman*, 160 N. C., 11, 75 S. E., 1005; *Chesson v. Bank*, 190 N. C., 187, 129 S. E., 403.   And when a proper order for such examination has been duly made, an appeal therefrom to the Supreme Court is premature and will be dismissed.   *Ward v. Martin*, 175 N. C., 287, 95 S. E., 621; *Monroe v. Holder*, 182 N. C., 79, 108 S. E., 359; *Abbitt v. Gregory*, ante, 9."

However, in *Knight v. Little,* 217 N. C., 681, 9 S. E. (2d), 377, *Barnhill, J.,* writes: "Even though an appeal be premature this Court may, in its discretion, consider the questions presented and express an opinion upon the merits thereof. *Dowdy v. Dowdy,* 154 N. C., 556, 70 S. E., 917; *Milling Co. v. Finlay,* 110 N. C., 411; *Bargain House v. Jefferson,* 180 N. C., 32, 103 S. E., 922; *Taylor v. Johnson,* 171 N. C., 84, 87 S. E., 981; *Ward v. Martin,* 175 N. C., 287, 95 S. E., 621; *Cement Co. v. Phillips,* 182 N. C., 437, 109 S. E., 257."

Further, in *Knight v. Little, supra,* it is written: "In a proceeding of this kind it is of first importance that the petition for an order of examination should state facts which will show the nature of the cause of action and make it appear that the information sought is material and necessary; that the information desired is not already accessible to the applicant; and that the motion is made honestly and in good faith and not maliciously—in other words, that it is meritorious. The law will not permit a party to spread a dragnet for an adversary in the suit in order to gather facts upon which he may be sued, nor will it countenance an attempt under the guise of a fair examination, to harass or oppress his opponent. It is seldom that the exercise of this function of the Court is required. *Chesson v. Bank,* 190 N. C., 187, 129 S. E., 403; *Bailey v. Matthews,* 156 N. C., 78, 72 S. E., 92; *Fields v. Coleman,* 160 N. C., 11, 75 S. E., 1005; *Jones v. Guano Co.,* 180 N. C., 319, 104 S. E., 653; *Monroe v. Holder, supra.*"

The pertinent portion of the affidavit and petition of the plaintiff is as follows:

"Whereas, petitioner has instituted action against Safe Bus, Inc., for money alleged to be due under the Wage and Hours Law; and

"Whereas, certain information with regard to interstate trips made by buses and drivers of the Safe Bus, Inc., and other information, particularly as shown by books and records of Safe Bus, Inc., with regard to hours of work and remuneration received by petitioner, is material and necessary for the purpose of filing complaint in said action; that the information desired is not already accessible to petitioner; and the motion hereby made is made honestly and in good faith, and not for the purpose of harassing and pressing the defendant."

I am of the opinion that the affidavit and petition is a substantial compliance with requirements as enunciated by the decisions of this Court. It will be noted from the petition that the information sought is in regard to interstate trips made by the buses and drivers of the defendant and other information, as shown by the books and records of the defendant, relative to hours of work and remuneration received by the petitioner, and that such information is material and necessary to the filing of the complaint. It will be further noted that the requirement

is that the petition shall "state facts which will show the *nature* of the cause of action." This is in contradistinction to requiring the setting forth of all of the facts upon which the cause of action is bottomed. This for the obvious reason that all of such facts are not known to the petitioner and the very object of the petition is to ascertain them that they may be alleged in the complaint if deemed helpful and relevant.

It is apparent from the affidavit and petition that the nature of the cause of action is an effort to recover "money alleged to be due under the Wage and Hours Law," and, since the information sought relates to interstate trips made by the buses and drivers of the defendant, it is apparent that the wage and hours law referred to is a Federal law—in all probability the Fair Labor Standards Act of 1938 (52 Stat. at L. 1060, ch. 676, 29 U. S. C. A., par. 201), or the Motor Carrier Act of 1935 (49, Stat. at L. 543, ch. 498, 49 U. S. C. A., par. 301). Whether the plaintiff, after an examination of an officer and records of the defendant, can file a complaint that will withstand the assault of a demurrer remains to be seen, but until he has had opportunity for such examination as by statute provided, a denial of an order therefor or the granting of an order of dismissal of the action, is tantamount to sustaining a demurrer to his complaint before it is filed. This, I think, should not be done, and to that end the judgment of the Superior Court should be affirmed.