COY L. GUY; T. H. GARDNER; D. A. LANGDON; OLLIE WILLIFORD; A. D. NORDAN AND R. C. WILLIAMS, JR., v. LEWIS BAER AND WIFE, SADIE BAER; WILLIE MOFF AND WIFE, PEARL B. MOFF; J. R. OWEN AND J. K. ADAMS, JR.

(Filed 19 October, 1949.)

**1. Bill of Discovery § 3—**

An application for examination of the adverse party to obtain information necessary to the preparation and filing of complaint must show the grounds upon which the action is bottomed and in what manner the information sought is material and necessary to plaintiff's cause of action. G.S. 1-569 *et seq.*

**2. Bill of Discovery § 1a—**

An order for an adverse examination should never be allowed for the purpose of ascertaining whether or not a cause of action exists.

APPEAL by plaintiffs from *Williams, J.,* at Chambers in Lillington, N. C., 23 May, 1949. From HARNETT.

This action was instituted 15 April, 1949, and upon application of plaintiffs an extension of time was granted for filing complaint. The plaintiffs then applied to the Hon. Clawson L. Williams, Resident Judge of the Fourth Judicial District, for an order authorizing an examination of adverse parties; and the Judge issued an order for an examination of the defendants Lewis Baer, J. R. Owen and J. K. Adams, Jr. Whereupon these defendants filed a motion to strike out and vacate the order for the reason the application did not show the grounds upon which the action was bottomed nor in what manner the information sought is material and necessary to the plaintiffs' cause of action, if any. The motion was allowed and the plaintiffs appeal, assigning error.

*I. R. Williams and Neill McK. Salmon for plaintiff.*
*Smith, Leach & Anderson and Wilson & Johnson for defendants.*

DENNY, J. After a careful consideration of the plaintiffs' affidavit and application for an order to examine certain of the defendants in order to obtain information necessary to the preparation and filing of their complaint, we do not think the information sought is set forth with the particularity required by the statutes G.S. 1-569-570, as construed by the decisions of this Court, or its materiality shown. *Sudderth v. Simpson,* 224 N.C. 181, 29 S.E. 2d 550; *Washington v. Bus, Inc.,* 219 N.C. 856, 15 S.E. 2d 372; *Knight v. Little,* 217 N.C. 681, 9 S.E. 2d 377; *Bohannon v. Trust Co.,* 210 N.C. 679, 188 S.E. 390; *Whitehurst v. Hinton,* 184 N.C. 11, 113 S.E. 500; *Fields v. Coleman,* 160 N.C. 11, 75 S.E. 1005; *Bailey v. Matthews,* 156 N.C. 78, 72 S.E. 92. Moreover, it is stated that the purpose of the action is to have certain contracts, entered into between the plaintiffs and the defendants on 22 January, 1949, declared null and void, but no reason is assigned or explanation given as to why the contracts should be so declared. *Smith v. Wooding,* 177 N.C. 546, 94 S.E. 404.

An order for an adverse examination will be allowed only in an action pending between parties, McIntosh's N. C. Practice & Procedure, p. 1020. It follows, therefore, that an order for an adverse examination should never be allowed for the purpose of ascertaining whether or not a cause of action exists.

The judgment of the court below is
Affirmed.