In re Lewis

---

---

IN THE MATTER OF JAMES RAY LEWIS, AND WIFE ELIZABETH LEWIS, PETITIONERS

No. 7121DC309

(Filed 23 June 1971)

Rules of Civil Procedure § 27— information to file complaint — petition to examine respondent
　　Petition under G.S. 1A-1, Rule 27(b), for an order to examine respondent to obtain information to prepare a complaint should have been denied where it failed to describe the nature of any action the petitioners expect to commence and to state against whom they expect to bring such action.

APPEAL by respondent from *Billings, District Judge,* 17 December 1970 Session of District Court held in FORSYTH County.

This is a proceeding heard on a petition filed by James Ray Lewis and wife, Elizabeth Lewis, pursuant to G.S. 1A-1, Rule 27(b), seeking to obtain an order to take the deposition of John McDowell, Director of the Forsyth County Department of Social Services, respondent, to obtain information to enable the petitioners to prepare a complaint.

The petition is as follows:

"(1) That petitioners are citizens and residents of Forsyth County, North Carolina.

(2) That during June and July, Mr. John McDowell, the Director of Forsyth County Department of Social Services

caused an investigation to be made into alleged mistreatment and/or neglect of one of the petitioners' two children through one or more of his agents or representatives; that the said McDowell thereafter represented to petitioners that such investigation was caused by a complaint being received in May, 1970 from some third party unknown to petitioners; that the said McDowell thereafter informed petitioners that the alleged complaint was found to be untrue by his office and that petitioners were not guilty of mistreatment or neglect of their children as alleged; that your petitioners know any such alleged complaint was unfounded and untrue, and have repeatedly requested that McDowell disclose to them the exact nature of the alleged complaint and the name and address of the alleged complainant but the said McDowell has steadfastly refused and is continuing to refuse to divulge to petitioners any of the requested information, and that petitioners, except for McDowell's assertions, are unable to determine if such a complaint was made as alleged or whether McDowell acted arbitrarily and without cause in making said investigation on his own volition.

(3) That petitioners have been wronged, damaged and embarrassed by such investigation and/or complaints leading to the investigation and believe they are entitled to recovery of damages therefor; that petitioners need further information from McDowell before a formal complaint against him and/or any complainant can be filed, and that if any complaint was reported to McDowell as alleged, petitioners are informed and believe that such complaint was without basis in fact and was made purely and simply for the frivolous and malicious purpose of embarrassing petitioners in the community.

EXCEPTION #3

EXCEPTION #5

(4) That the said John McDowell has no legally justifiable reason for refusing to disclose such information to petitioners; that such refusal is frustrating petitioners' right of recovery and without such information petitioners are unable to determine against whom their action should be brought.

In re Lewis

(5) That this petition is filed with the utmost good faith on the part of petitioners, and is the only method available for petitioners to discover the person or persons responsible for wrongs committed against them.

WHEREFORE, petitioners pray that this Court issue an Order finding the facts as alleged herein and directing Mr. John McDowell, Director, Forsyth County Department of Social Services, Winston-Salem, North Carolina, to answer by deposition or interrogatory, the following questions:

(a) Did you receive a complaint regarding the child or children of petitioners?

(b) What was the substance of said complaint?

(c) How and when did you receive this complaint?

(d) What is the name and address of the person or persons who made such complaint?

(e) Did you find the content of the complaint to be true or untrue?"

The respondent filed answer, and on 14 December 1970 the court heard evidence offered by petitioners and respondent. On 18 December 1970, the court found the facts to be as alleged in the petition and ordered the respondent to deliver to petitioners within ten (10) days written answers to the specific interrogatories.

The respondent excepted to the order dated 18 December 1970 and appealed to this Court.

*Larry L. Eubanks for petitioner appellees.*

*P. Eugene Price, Jr., for respondent appellant.*

HEDRICK, Judge.

G.S. 1A-1, Rule 27(b), in pertinent part, provides:

"(b) Depositions before action for obtaining information to prepare a complaint.—

(1) Petition.—A person who expects to commence an action but who desires to obtain information from an expected adverse party or from any person for whose

immediate benefit the expected action will be defended for the purpose of preparing a complaint may file a verified petition in the county where any expected adverse party resides or in the county where resides any person for whose immediate benefit the expected action will be defended. . . .

The petition shall be entitled in the name of the petitioner and shall show (i) that the petitioner expects to commence an action cognizable in a court of this State, (ii) the names and addresses of the expected adverse parties, (iii) the nature and purpose of the expected action, (iv) the subject matter of the expected action and the petitioner's interest therein, (v) why the petitioner is unable to prepare a complaint with the information presently available, and (vi) that the petition is filed in good faith. The petition shall also designate with reasonable particularity the matters as to which information will be sought."

Rule 27 (b) replaces the former statutes providing the procedure for obtaining an order to take the deposition of an adverse party to obtain information to prepare a complaint or other pleading.

The former procedure, G.S. 1-568.4, as well as Rule 27 (b), provides that only adverse parties or expected adverse parties may be examined. Prior to the effective date of Rule 27 (b), a party could not examine an adverse party for the purpose of obtaining information to prepare a complaint or other pleading until the action had been commenced by the issuance and service of summons. Under Rule 27 (b), the petitioner is required to allege that the person to be examined is an "expected adverse party."

Since Rule 27 (b) provides that a petition may be filed before an action is commenced by the issuance and service of summons, it seems essential that the verified petition contain an unequivocal allegation that the petitioners expect to commence an action cognizable in the courts of this State, along with the names and addresses of the expected adverse parties, and that the party to be examined is an expected adverse party. No such allegation appears in the petition in the instant case. The petition shows on its face that the petitioners are not seeking

In re Lewis

information to enable them to prepare a complaint, but that they are seeking information for the purpose of determining whether they have a valid claim which they may or may not commence.

The petitioners allege: "[T]hat petitioners need further information from McDowell before a formal complaint against him and/or any complainant can be *filed*, * * * and without such information petitioners are unable to determine against whom their action should be brought." (Emphasis ours)

In this regard, the North Carolina Supreme Court, in *Washington v. Bus, Inc.*, 219 N.C. 856, p. 858, 15 S.E. 2d 372 (1941), said: "But the court will not permit a party to spread a dragnet for an adversary to gain facts upon which to sue him, or to harass him under the guise of a fair examination."

The petitioners allege generally that they have been wronged, embarrassed and damaged by an investigation conducted by the Forsyth County Department of Social Services, but they have not described the nature of any action they expect to commence, nor, as was said earlier, against whom they expect to bring any such action. It is essential under Rule 27(b) that the nature and purpose of any expected action be described in the petition in such detail as will enable the court to determine whether the information sought to be obtained from an expected adverse party is material and necessary to enable the petitioners to prepare their complaint. *Bailey v. Matthews*, 156 N.C. 78, 72 S.E. 92 (1911); *Jones v. Guano Co.*, 180 N.C. 319, 104 S.E. 653 (1920).

A petition which shows on its face that the information sought is not necessary to enable petitioner to prepare a complaint will not support an order for such examination. *Chesson v. Bank*, 190 N.C. 187, 129 S.E. 403 (1925); *Knight v. Little*, 217 N.C. 681, 9 S.E. 2d 377 (1940).

It is our opinion that the petition in the instant case, when considered in the light of the requirements of Rule 27(b), is insufficient to support an order to examine the respondent to obtain information to enable the petitioners to prepare a complaint.

The order appealed from is

Reversed and the petition is dismissed.

Judges BROCK and MORRIS concur.