IN THE MATTER OF MADELINE ROLLINS MARK

No. 7212DC429

(Filed 2 August 1972)

Appeal and Error § 6— information to file complaint — interlocutory order — appeal

No appeal lies from an interlocutory order allowing petitioner to examine respondents for the purpose of obtaining information to file a complaint. Court of Appeals Rule 4.

APPEAL by respondents Eddie Lim and Dora Lim from *Herring, Judge,* 28 February 1972 Session, District Court, CUMBERLAND County.

On 2 February 1972, petitioner, proceeding under G.S. 1A-1; Rule 27(b), filed petition requesting that an order issue for the taking of the depositions of Eddie Lim and his wife, Dora Lim, expected adverse parties, to enable petitioner to obtain information for the purpose of preparing a complaint. Notice that petitioner would apply for an order was served on the expected adverse parties. The petition alleged that the nature and purpose of the expected action is to recover of the expected defendants a sum of money alleged to be due petitioner for wages for services rendered the expected defendants in their restaurant business over a period of years. Petitioner alleged that she is unable to prepare a complaint because expected defendants had withheld from her information about her wages, income taxes, social security taxes and any other information which would enable her to prepare her complaint; that she has no access to the information; and that she had requested it of expected defendants but had been refused. She further alleged that she wished to inquire into the amount of hourly wages

paid her, the hours and days she worked, her job duties, amounts reported to Internal Revenue Service by expected defendants for withholding tax and social security, etc. The court allowed the petition on 29 February 1972, and expected defendants appealed.

*Anderson, Nimocks and Broadfoot, by Hal W. Broadfoot, for petitioner appellee.*

*McCoy, Weaver, Wiggins, Cleveland and Raper, by L. Stacy Weaver, Jr., for respondent appellants.*

MORRIS, Judge.

On 20 January 1971, the Supreme Court amended Rule 4, Rules of Practice in the Court of Appeals of North Carolina, by striking Rule 4 in its entirety and inserting in lieu thereof the following:

"4. The Court of Appeals will not entertain an appeal:

From the ruling on an interlocutory motion, unless provided for elsewhere. Any interested party may enter an exception to the ruling on the motion and present the question thus raised to this Court on the final appeal; provided, that when any interested party conceives that he will suffer substantial harm from the ruling on the motion, unless the ruling is reviewed by this Court prior to the trial of the cause on its merits, he may petition this Court for a writ of certiorari within thirty days from the date of the entry of the order ruling on the motion."

The order from which the expected adverse parties purportedly appealed was entered subsequent to the amendment of Rule 4. This was not the case in *In re Lewis,* 11 N.C. App. 541, 181 S.E. 2d 806 (1971), cert. denied 279 N.C. 394 (1971). If the expected adverse parties conceived that they would suffer substantial harm from the allowing of the petition, their remedy was to petition for a writ of certiorari within 30 days from the date of the entry of the order. This they failed to do.

While we might agree that the petition should have been denied, we cannot perceive that substantial harm has been done. Had the petition been denied, petitioner surely could have

drafted a skeleton complaint sufficient under G.S. 1A-1, Rule 8, on the basis of which she could have proceeded to make use of the discovery procedure provided for by Article 5, of Chapter 1A, General Statutes of North Carolina, obtaining substantially the same information sought by the procedure adopted.

Appeal dismissed.

Judges BROCK and HEDRICK concur.