LAURENCE S. HOLT v. SOUTHERN FINISHING AND WAREHOUSE COMPANY et al.

*Certiorari—Practice—Premature Appeal —Examination of Adverse Party before Trial—Corporation—Right of Stockholder to Inspect Books of Corporation.*

1. In an action by a stockholder of a Corporation to set aside as fraudulent an assignment of a contract by the corporation, the directors may, under Sect. 580 *et seq.* of *The Code* be compelled to disclose information to enable plaintiff to frame his complaint even though their evidence may result in pecuniary injury.

2. In an action by a stockholder of a corporation to set aside as fraudulent an assignment by the corporation of a contract, the plaintiff is entitled under Sec. 580 *et seq.* of *The Code* to inspect the books of the corporation in order to obtain information upon which to frame his complaint.

3. An appeal does not lie (being premature) from an order directing the examination of directors of a corporation under the provisions of 580 *et seq.* of *The Code*, in an action by a stockholder against the corporation, or from a refusal to discharge such order.

Petition of the defendant for a writ of *Certiorari*, an appeal having been refused.

The plaintiff, a stockholder in defendant company, for himself and all other stockholders, brings this action against the defendant and files affidavit, dated April 13, 1895, as follows:

"1. That he has begun a civil action in the Superior Court of Alamance County, in which the pleadings have not yet been filed.

"2. That Neil Ellington, E. T. Garset and J. W. Lindau are stockholders in defendant company and directors in the same, and that as such are parties to this action, or persons for whose benefit the action is immediately defended.

"3. That in order to get facts upon which to base a complaint, it is necessary to examine the parties above named under sections 579, 580, 581, 582, 583, 584, 585 and 586 of *The Code*, and that they have information which is necessary and material evidence for the plaintiff.

"4. That the object of the action is to set aside a pretended transfer by defendant to Moses H. Cone of a cause of action arising out of an alleged contract, also of an alleged contract executed September 9, 1892, by the plaintiff with the defendant company, and that the reasons for seeking to set the same aside are that Cone is a stockholder and director in the company and has been since its organization, that he was the promoter of the enterprise, and that any purchase or pretended purchase by him of the said contract from the company is fraudulent and voidable at the option of a complaining stockholder, and that defendant is now and has been, since its organization, one of the largest stockholders in the company.

"5. That the board of directors consists of men largely under the influence of Cone, and one of them is a brother and another a brother-in-law of Cone, as affiant is informed and believes, and that five persons only constitute such board.

116—31

"6. That the pretended sale aforesaid took place some time in January, 1895, at a meeting or an adjourned annual meeting of the directors; that affiant has made diligent effort to get at the truth of said alleged sale, and to this end has made inquiry of the directors as to the same, and has also made application to the Secretary and Treasurer of the Company to see the books of the company bearing upon said sale or transfer, but that all his efforts have been in vain.

"7. That defendants have said knowledge and that plaintiff is entitled to the same, he being a stockholder in the Company and interested in said contract.

"Wherefore, plaintiff prays the Court to appoint some suitable person commissioner to take said examination at such time and place as the Court shall designate, and shall meet the wishes of the parties."

Order of *Green, Judge,* April 19 : "The Court adjudges that plaintiff is entitled to take the examinations of the directors in defendant company ( named in his affidavit ) to be used in preparing the complaint and as evidence in the case at the trial; and appoints T. J. Shaw, Commissioner, as provided in section 580 of *The Code,* and designates Saturday, April 27, 1895, at Greensboro, N. C., at the law office of Shaw & Scales, as the time and place when and where he will cause said parties to be and appear by subpoenas and whose evidence he will then and there take as required by law.   ( Copies to be served on parties. )

(Signed)   GREEN, Judge."

Thereupon, on April 19, the commissioner notified the parties in pursuance of the above order.

And the defendant company, on April 20, notified the plaintiff that on the 24th of April, 1895, at Oxford, a motion would be made before *Judge Green* to set aside the order theretofore made, appointing a commissioner to take exami-

nation, &c., upon the ground that the same was improvidently granted, and was granted upon insufficient affidavit, and without notice, and for other causes.

Affidavit of J. W. Lindau, Secretary & Treasurer and a director in the defendant company, April 23:

That on the 21st of March, 1895, plaintiff began this action and caused summons to be served on defendant company, but which has not been served on defendant Cone; no pleadings have ever been filed; plaintiff upon notice to defendant applied to the Judge for an order requiring defendant to furnish to plaintiff a copy of all books, papers and documents in its possession and under its control relating to the controversy between plaintiff and defendant, or for permission to inspect and copy the same, alleging that the same contained information necessary to enable him to file his complaint; that in the affidavit filed by plaintiff, it was stated that the purpose of the suit was to set aside an alleged transfer by the company to the co-defendant Cone of an alleged contract which plaintiff is alleged to have made with said Cone for the company, which said contract was set out in the affidavit; that an answer to the affidavit, and numerous affidavits in support of the answer were filed by the company, and after argument the motion of plaintiff was granted by the court and defendant prayed an appeal to the Supreme Court and has perfected the same, and it is now pending in said Court; that while the appeal was pending, wherein the right of plaintiff to have the benefit of said books, &c., is denied by defendant, and whereby all proceedings to obtain the relief asked were suspended in the lower court the plaintiff procured from the clerk a commission to take the depositions of Ellington and Garset and this affiant before said Commissioner, and caused subpœnas *duces tecum* to issue for said officers commanding them to appear before the Commissioner and bring said books, &c.,

and, this, notwithstanding the question of the right of plaintiff to have the books, was pending before the Supreme Court; that said commission was issued without notice to defendant while the question was so pending and before any service of summons on the defendant Cone, and before any pleadings were filed ; and in this state of things the defendant by its counsel appeared before the clerk and moved for reasons set out in its affidavit to revoke said commission, which motion was allowed, and an order made directing the commissioner to proceed no further; that affiant is advised and believes that if it was competent for the Superior Court to make any·order affecting the right of plaintiff to an inspection and copy of the books, &c., of the company, while the question of such right was pending as aforesaid, the clerk of the court below, acting as and for the Judge, had power to issue and revoke the commission, and the act of the clerk in revoking the same amounted to a judgment that plaintiff was not entitled to the relief sought, and that judgment remaining still in force, not appealed from and unreversed, and being the judgment of a court of competent jurisdiction is conclusive upon the plaintiff and is *res judicata* as to his rights in the premises; that notwithstanding the right of plaintiff in the premises is questioned in the appeal pending as aforesaid, and notwithstanding the said judgment, which is still in force, the plaintiff applied for and obtained an order adjudging that plaintiff is entitled to take the said examinations, and appointing a commissioner to take the same, and directing him to cause the parties to appear at a certain time and place, and that accordingly the commissioner has issued subpœnas commanding affiant and said parties to bring with them the books, &c., of the company, and affiant believes that this is but another attempt of plaintiff to have the Superior Court give him the relief, his right to which

being questioned as aforesaid and which has already been denied him by a court of competent jurisdiction as aforesaid ; that the object of plaintiff's suit as set out in his affidavit is to set aside an alleged transfer of an alleged contract by the company to the defendant Cone, a matter properly provable by the rules of evidence only by the records of said corporation showing its doings in this behalf, and the pretence of plaintiff that he desires to elicit any information as to said transfer resting in the knowledge of any of the parties sought to be examined, amounts to nothing, as neither of the parties could testify as to the contents of the books, &c., which are the best evidence of the alleged transfer, and any testimony of theirs as to this matter could not be used on the trial of the action, for the reason that the same would affect the defendant Cone who has not yet been served with process ; affiant is advised and believes that it was incompetent for the court to make said order pending said appeal, and that plaintiff had been denied the rights thereby granted by the clerk of the Superior Court of Alamance County acting as and for the court; and if it was competent at all, affiant is advised and believes that the order should not have been made except upon notice to defendant, that it was made upon insufficient affidavit, and is erroneous in that it appoints a commissioner to take the examination, instead of ordering the same to be taken before the Judge or court ; affiant believes the fact to be, and so charges that the purpose of plaintiff is not *bona fide* to secure information upon which to file a complaint, but that the purpose to elicit information for use in a case now pending in the Supreme Court of the City of New York, wherein Moses H. Cone is plaintiff and Lawrence S. Holt is defendant.

Facts found by the Court upon the motion of defendant to set aside the order heretofore made April 19 :

1. That the right of plaintiff to an inspection and copy of the books, &c., was pending in the Supreme Court at the time the order was granted.

2. That under the order, the commissioner appointed thereby has issued subpœnas *duces tecum* commanding the presence of the persons named in the order at the place therein named, and that they bring with them the books, &c., of defendant company, and that similar subpœnas were issued under the commission of the clerk of the Superior Court of Alamance County hereinafter referred to.

3. That while said appeal was pending in the Supreme Court, the plaintiff applied for and obtained from the clerk of the Superior Court of Alamance County a commission to take the depositions of ·the same persons named in said order, which commission was subsequently revoked by said clerk, who had competent power and authority to issue and revoke the same.

4. That defendant Company and witnesses, sought to be examined, had no notice of the order made on April 19, as aforesaid.

5. That the persons sought to be examined are parties to this suit (Signed) GREEN, J.

Order made *at Chambers* in Oxford, on the 24th April, 1895: On consideration of the motion to recall a former order appointing Shaw Commissioner to examine J. W. Lindau, E. T. Garset and Neil Ellington as set out in said order, the Court here now considers and adjudges that said order be affirmed and approved in all things, and that the motion be overruled. In considering the said examination of said parties, no inspection of the books of the Company by the plaintiff and no copy of such books by him will be allowed, but in all things said examination will be conducted as like cases are conducted by commissions in taking such examination (Signed) GREEN, J. From this order the

defendant prayed an appeal. The appeal was refused by the Court as being premature, and the defendant excepted.

*Messrs. Fuller, Winston & Fuller,* for plaintiff.
*Messrs. Dillard & King, L. M. Scott* and *Shepherd & Busbee,* for defendant—petitioner.

MONTGOMERY, J.: This is an application for a writ of *certiorari* as a substitute for an appeal, alleged to have been denied to the defendant by the Judge below. The record presents a most unusual condition of affairs. Five members constitute the board of directors of the defendant company, of which number the defendant Cone, his brother and his brother-in-law constitute a majority. The plaintiff, one of the largest stockholders in the company, is denied the right to inspect the books of the company, and that too after he has made known to the directors his belief that the books contain evidence of matters deeply prejudicial to his interests, both as a stockholder and as an individual, and which a majority of the directors have corruptly and secretly entered therein. Very cogent reasons must be shown this Court before it will conclude that such a right does not belong to the plaintiff. The plaintiff has commenced a civil action in the Superior Court of Alamance against the defendant for the purpose of setting aside an alleged pretended transfer by the defendant corporation to Moses H. Cone of a cause of action, arising out of an alleged contract, and also an alleged contract executed September 9, 1892, by the plaintiff with the defendant company, for the reasons set out in the affidavit of the plaintiff of April 13, 1895, as appears in the statement of facts in the case. To enable him to draw his complaint with greater certainty, the plaintiff desires to examine Neil Ellington, E. T. Garset and J. W. Lindau, stockholders and

HOLT *v.* WAREHOUSE COMPANY.

directors of the company, under sections 580 and 581 of *The Code.* He has as much right to examine Ellington and Garset and Lindau before the trial as at the trial, and they are subject to the same rules of examination as prevail in the examination of witnesses on the trial of actions before the Courts and they are compelled to answer all pertinent and material questions put to them, except such as the Constitution and Laws relieve them from answering. We know of no such exemption, except a man may not be compelled to give evidence against himself, which is found in Article I, Section II, of the Constitution, which section, by judicial construction, has been extended to witnesses in civil actions. *Fertilizer Co.* v. *Taylor*, 112 N. C., 141. It makes no difference whether the answer will result in pecuniary injury to the witness or not, they must answer the questions as they would be required to do before the Courts.

In the case before us, the matters about which the plaintiff wishes to examine the defendants appear to be most material to the plaintiff and are in no sense inquisitorial. The plaintiff appears deeply interested as a stockholder in the business of the company, and he alleges that he is being injured by the acts of the company, because he is not allowed to inspect its books; and he wishes to examine the defendants, who, he declares under oath, can furnish him with evidence necessary and material.

It seems idle under the facts of the case, as brought out by the plaintiff's affidavit, to talk about inquisitorial powers being given to the commissioner by the Judge who made the order of examination. The affidavits of the defendants offered on the hearing before *Judge Green* to vacate his order allowing an examination of the defendants, furnish nothing which goes to show any reason why they should be excused from being examined. They simply

deny the plaintiff's right to have the examination without furnishing any legal excuse for such a denial. The papers filed in the matter bring up, and there was argued before us by counsel on both sides, a certain order made in a proceeding concerning this matter by *Judge Green*, at Durham, on the 1st of April, 1895, which is as follows: "This matter coming on to be heard and being heard *in Chambers*, in Durham, on April 1, 1895, the plaintiff and defendant being represented by counsel, the defendant Cone not being represented, upon reading and considering the affidavit of the plaintiff and the answer of defendant company, made through its president, Neil Ellington, and duly verified, and the affidavits of E. T. Garset and J. W. Lindau, and a part of what purports to be a copy of an affidavit made by Moses H. Cone in an action pending in the State of New York between this plaintiff and said Cone, which was offered by plaintiff as well as his own affidavit in reply, the court adjudges and declares that under section 578 of *The Code*, the granting or refusal of plaintiff's motion is a matter purely within the discretion of the court, and that it is unnecessary that the court should find any facts; and in the exercise of this discretion, the court adjudges that the defendant company permit the plaintiff, L. S. Holt, to inspect the books in its possession, or under its control, which contain entries of the acts and doings of the directors and stockholders of the defendant company at the annual meeting, or an adjourned meeting of said directors and stockholders in January, 1895, and that plaintiff may inspect and copy such entries above described in such books as he deems material, or containing evidence relative to the merits of the action, at any time during business hours within the next ten days, and said inspection and copy may be made by the plaintiff in person, or by his attorneys, *Fuller*, *Winston & Fuller*, or any one of them.

Let the clerk issue a copy of this order to be served on the defendant company."

The defendants treated this order and the application upon which it was made as a bill of discovery in Equity. They deny, on affidavits, that the books sought to be inspected by the plaintiff contained any entry about the matters, of which the plaintiff wished to have knowledge. There was no other reason given why the inspection should not be had. Sections 580 and 581 of *The Code* are a substitute for the old bill of discovery, and only a substitute. In fact, section 579 of *The Code* declares that "No action to obtain discovery under oath, in aid of the prosecution or defence of another action shall be allowed, nor shall any examination of a party be had on behalf of the adverse party, except in the manner prescribed by this Chapter."

Upon the whole matters brought before us and argued on the motion for the writ of *certiorari*, we are of the opinion that the appeal from the order of His Honor *Judge Green*, made on the first of April, 1895, was premature and ought not to have been allowed, as was also the appeal from his other order of the 24th of April, 1895; and that His Honor committed no error in making either one of said orders, and they are affirmed. *Helms* v. *Green*, 105 N. C., 251; *Vann* v. *Lawrence*, 111 N. C., 32; *Fertilizer Co.* v. *Taylor, supra*. The defendants will pay the costs of this proceeding.

Affirmed.