GEORGE JEFFORDS ET AL. v. ALBEMARLE WATERWORKS.

(Filed 15 November, 1911.)

1. Evidence—Witness, Nonexpert—Opinion Upon the Facts.

In an action to recover under a contract for boring an artesian well, wherein it is alleged that the plaintiff was wrongfully prevented from completing the contract, and defended upon the ground that the plaintiff did not use the proper machinery, especially for straightening crooked places caused by a deflection of hard rock, it is competent for a witness for plaintiff to testify that the machine used was "the best and latest all-round equipped machine for drilling water wells," and that it had all proper and necessary tools for drilling and straightening crooks, etc., and that he could have bored to the required depth with them, it being "the testimony of a witness to a physical fact peculiarly within his knowledge" and not requiring expert evidence.

2. Pleadings—Contracts—Evidence.

In an action brought upon contract, evidence relating to a second contract which was not pleaded is incompetent.

3. Evidence—Depositions—Nonresidents—Parties—Commencement of Action.

The depositions of a party, objected to because the deponent was in the State when the action was begun, are competent when it appears that he was a resident of another State and not within this State at the time of the trial. Revisal, 1645 (9).

4. Contracts—Written—Fraud—Parol Evidence—Conversations.

Without allegation of fraud or misrepresentation, conversations preceding the execution of a written contract are incompetent to vary, alter, or contradict its terms.

5. Evidence—Contracts—Use of Improper Machinery—Former Use.

When the defense in an action to recover upon a contract to bore an artesian well, alleging that the defendant wrongfully stopped the plaintiff ·from boring it, is that the plaintiff was not using proper machinery and equipment, evidence as to the insufficiency of a machine formerly used is incompetent.

6. Evidence—Depositions—Motion to Quash—Objections and Exceptions—Practice.

A deposition can be ·quashed only for irregularities in the taking or the incompetency of the witness, and exception should be taken to the questions and answers of the deponent and not by motion to quash the depositions.

JEFFORDS *v.* WATERWORKS CO.

**7. Evidence—Depositions—Commission—Name of Witness—Practice.**

It is not necessary that the commission issued for taking depositions name the particular witness to whose depositions exception is taken, when the notice to take the deposition gave the name of the witness and the address of the commissioner, and the requirement of the statute has been met. Revisal, 1652.

**8. Appeal and Error—Reference—Findings—Evidence.**

The facts found by the referee and confirmed by the trial judge are not reviewable on appeal when there is evidence to support them; and exceptions to such findings, that they are "contrary to the weight of the evidence," cannot be sustained.

APPEAL by defendant from *Lyon, J.,* at March Term, 1910, of STANLY.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Jerome & Price and R. L. Smith for plaintiff.*
*J. R. Price and T. F. Kluttz for defendant.*

CLARK, C. J.  This is an action to recover the contract price for boring an artesian well.  The plaintiffs alleged that they were wrongfully prevented by the defendants from completing the contract; but the defendants denied this, and alleged that the failure of the plaintiffs to complete the contract was caused by their failure or refusal to use the necessary machinery for straightening crooked places in the well, caused by the drill being deflected by hard rock.

The case was referred to a referee, who adjudged the plaintiffs entitled to recover the contract price for the work actually done up to the time they were stopped by the defendants.  The exceptions before us are to the judge's overruling the exceptions by the defendants to the referee's report.  Exceptions 1, 2, and 3 are to the witness stating in reply to questions asked that the machine was "the best and latest all-round equipped machine for drilling water wells; that it was equipped with all necessary tools for drilling and straightening crooks in water wells, and that he could have gone to any desired depth within 800 feet with that machine."  The objection is on the ground that the witness had not qualified as an expert.  But we do not

think that "the testimony of a witness concerning a physical fact peculiarly within his knowledge" is expert evidence. *Britt v. R. R.,* 148 N. C., 40, and cases there cited.

The evidence as to the second contract was properly ruled out, as there was no plea of a second contract.

The objection to the deposition of George Jeffords, because he was a party to the action and was in this State when the action was begun, cannot be sustained, for the referee finds as a fact that the witness was a resident of Pennsylvania when the deposition was taken. Revisal, 1645(2). The deposition is competent if the witness is out of the State at the time of the trial and is more than 75 miles from the place where the court is sitting. Revisal, 1645 (9); *Barnhardt v. Smith,* 86 N. C., 473.

The contract being in writing and no allegation of fraud or misrepresentation, it was not error to exclude conversations preceding the execution of the contract. *Bowser v. Tarry,* 156 N. C., 35.

The question as to the insufficiency of a prior machine and its equipment was irrelevant and could throw no light upon the inquiry before the court. It was properly excluded.

Exceptions 8 and 9, for refusal of motion to quash because of the irrelevancy or incompetency of some of the testimony, cannot be sustained. A deposition can be quashed only for irregularities in the taking or for the incompetency of the witness, and not upon the ground that some of the answers were incompetent or irrelevant. Such questions and answers should be excepted to.

Exception 10 is that the name of the witness was not given in the commission to take the deposition. But the notice to take the deposition gave the name of the witness and the address of the commissioner before whom it was to be taken. The defendant knew that this witness was to be examined, the cause in which, the place where, and the commissioner before whom he was to be examined. The statute does not require the name of the witness to be stated in the commission. The names of other witnesses were, however, given in the commission. It does not appear that the defendant was prejudiced,

for the notice to take deposition did name this witness. In
*McDugald v. Smith*, 33 N. C., 576, the notice was to take the
deposition "of A., B., C. *et al.*," and no deposition of A., B. or
C. was taken, and it was held that this was not ground for
exception to the depositions of the other witnesses which were
taken.

The refusal of the judge to recommit the report to the referee was a matter which rested in his discretion. The exceptions to the finding of fact by the referee are that they are
"contrary to the weight of the evidence." That was a matter
addressed solely to the trial judge, and cannot be considered
here. *Lewis v. Covington*, 130 N. C., 541. When, as here,
the referee's findings of fact are affirmed by the judge, his
action is conclusive if there is any evidence to support such
findings. *Brown v. R. R.*, 154 N. C., 300; *Mirror Co. v.
Casualty Co.*, 153 N. C., 373. On examination, we find that
there was evidence as to each finding of fact, and such findings
are not open to review on appeal. *Williams v. Hyman*, 153
N. C., 167.

Affirmed.