ADA V. WHITEHURST et al. v. R. L. HINTON.

(Filed 13 September, 1922.)

**Discovery—Evidence—Examination of Parties—Statutes—Appeal and Error—Parties.**

An affidavit in support of a motion in the cause, to allow the plaintiffs to examine the defendant adversely under the provisions of C. S., 900, showing that the defendant had assumed to manage the estate of a deceased person of whom the plaintiffs were the heirs at law, under a paper-writing purporting to be a will, but which had been set aside by the court upon *caveat* entered, and that this was the only available way in which certain information necessary in the action could be obtained, etc., *is held* sufficient to sustain the order of examination allowed by the clerk and approved by the judge of the Superior Court, and defendant's appeal is accordingly dismissed in the Supreme Court. *Jones v. Guano Co.*, 180 N. C., 319, cited and distinguished.

APPEAL by defendant from *Bond, J.*, at March Term, 1922, of PASQUOTANK.

Motion in a civil action, pending in the Superior Court of Pasquotank County, for an order to examine the defendant adversely, as provided

by C. S., 900 *et seq.* From an order of the clerk allowing the motion, the defendant appealed to the judge in term, who, upon a hearing, approved the order and judgment of the clerk, and remanded the cause for further proceedings in accordance therewith. Defendant appealed.

*Meekins & McMullan and Ehringhaus & Small for plaintiffs.*
*W. I. Halstead and W. A. Worth for defendant.*

STACY, J. Appellant admits that the present appeal must be dismissed as premature, under authority of *Monroe v. Holder,* 182 N. C., 79, unless, as alleged, the order for the examination was made upon an insufficient affidavit. In support of this position, defendant relies upon the recent case of *Jones v. Guano Co.,* 180 N. C., 319, and authorities there cited. Hence, the single question presented for decision is the sufficiency of the affidavit filed by the plaintiffs and upon which the instant order was granted.

It appears from the petition, which was duly verified and used as an affidavit herein, that the plaintiffs are the grandchildren of John L. Hinton, deceased; and, as such, are entitled to be numbered among his heirs at law; that in 1910 the defendant, acting under a paper-writing purporting to be the last will and testament of said decedent, took charge of his entire estate, both real and personal, and exercised complete control, supervision, and management of the same, collecting and using all the rents and profits derived therefrom, and occupying the lands and premises to the exclusion of the plaintiffs and those under whom they claim; that the plaintiffs were minors at the time of the death of their grandfather, the said John L. Hinton, and were not then fully aware of their rights, or capable of understanding the real value of their interest in his estate; that in 1918 the plaintiffs, after reaching their majority, filed a *caveat* to the alleged will of their ancestor, which was sustained upon the ground of undue influence—the defendant having participated therein—and the said will was thereupon adjudged to be invalid; that the plaintiffs have brought this action to impeach the accounts filed by the defendant, while acting in a fiduciary capacity as executor under the paper-writing above mentioned, and to require a full and accurate accounting of all the properties which have come into his hands as such executor, and which rightfully belong to the plaintiffs. It is further alleged in the petition that the defendant has in his possession certain books and papers, and also possesses exclusive knowledge of matters and things connected with said estate which the plaintiffs deem necessary and essential to an intelligent drawing of their complaint. They further aver that, in no other way, is said information accessible to or obtainable by them, and that this application is made honestly, in

good faith, and not maliciously or for any ulterior motive or purpose, such as was condemned by this Court in *Bailey v. Matthews,* 156 N. C., 81.

It would seem that the foregoing allegations of the petition, taken in connection with the relation of the parties, ought to be sufficient to warrant the court in granting the instant order. We are of opinion that the provisions of the statute have been met, and that the present appeal is premature. *Holt v. Warehouse Co.,* 116 N. C., 480.

Appeal dismissed.