JAMES W. BROWN v. E. H. CLEMENT COMPANY.

(Filed 16 November, 1932.)

**1. Bill of Discovery A a—Affidavit in this case held sufficient to support order for examination and inspection of writings.**

Where it appears from the plaintiff's affidavit for an examination of the officers and agents of the defendant corporation and for an inspection of its books that the plaintiff was seeking to recover on a contract for the division of profits from the construction of a certain building by the corporation, and that the plaintiff could not approximately state the amount due thereunder without such discovery, and that the facts and records were peculiarly within the knowledge and possession of the officers and agents of the defendant, an order by the clerk granting the plaintiff's motion is not erroneous.

**2. Same—Order for discovery may be issued where plaintiff is unable to approximately state amount due without such order.**

A motion for an examination of the defendant and for the inspection of records and books will not be granted for mere inability of the plaintiff to allege the exact amount claimed, but such motion may be granted where it appears that the plaintiff could not otherwise even approximately state the amount claimed, but the plaintiff is entitled to inspect only the books and records pertinent to the inquiry and the plaintiff should be required to state specifically the books and records which he contends contain such matter.

**3. Appeal and Error A d—Appeal from proper order for discovery is premature and will be dismissed.**

An appeal from a proper order for an examination of the corporate defendant's officers and agents and for an inspection of its books and records is premature and will be dismissed, but in this case the appeal is dismissed without prejudice to the defendant to move for a modification of the order so that it should include only such books and records as are pertinent to the inquiry.

APPEAL by defendant from *Barnhill, J.,* at Chambers in Durham, N. C., on 22 July, 1932. Appeal dismissed.

The summons in this action was issued by the clerk of the Superior Court of Durham County, on 29 June, 1932. It was duly served on the defendant, a corporation, by the sheriff of Mecklenburg County, on 30 June, 1932. No complaint in the action has been filed by the plaintiff. Upon his application, as provided by statute (C. S., 505), time for filing the complaint has been extended from time to time, by orders of the clerk of the Superior Court of Durham County.

Before the time for filing the complaint had expired, the plaintiff moved before the clerk of the Superior Court of Durham County for an order for the examination of certain officers and employees and of the books and records of the defendant. This motion was supported by an affidavit in which the nature and purpose of the action is set forth. It appeared from the affidavit that certain information was required by the plaintiff to enable him to draft and file his complaint in this action, and that such information could be secured only from the officers and employees, and from the books and records of the defendant. This information could not be secured otherwise by the plaintiff. It also appeared from the affidavit that the application for the order of examination was made in good faith. The order was made by the clerk on 9 July, 1932. Thereafter the defendant appeared before the clerk, and moved that the order be quashed and vacated, on the ground that it was improvidently and improperly made by the clerk. This motion was supported by an affidavit filed by the defendant. After notice to the plaintiff, defendant's motion was heard and denied by the clerk on 16 July, 1932. From the order of the clerk, denying its motion, the defendant appealed to the judge holding the Superior Court of Durham County. Upon the hearing of this appeal, the order of the clerk was affirmed by the judge, and defendant appealed to the Supreme Court.

*Marshall T. Spears for plaintiff.*
*McLendon & Hedrick and Thomas C. Guthrie for defendant.*

CONNOR, J. It appears from the affidavit filed by the plaintiff with the clerk of the Superior Court of Durham County, in support of his motion for an order for the examination of certain officers and employees, and of the books and records of the defendant, that this is an action to recover on a contract for services rendered by plaintiff to the defendant. Plaintiff alleges that defendant agreed to pay him a certain percentage of the profits made by the defendant on certain construction work for Duke University. The action is to recover the amount due under the contract. It is not an action for an accounting. The amount now due the plaintiff by the defendant cannot be determined by the plaintiff without certain information now in the exclusive possession of the defendant. It has been held that an examination of the defendant, or where the defendant is a corporation, of its officers and employees, cannot be had merely to enable the plaintiff to allege the exact amount to which he is entitled, or to make an estimate of the damages sustained by him, unless the dealings between the parties were of such a character that the amount sued for cannot be otherwise approximately stated. 18 C. J., 1088. It appears from the affidavit filed by the plaintiff in this case, that the dealings between plaintiff and defendant were of the character stated in the exception to the general rule. The contention of the defendant that no examination of its officers and employees, or of its books and records, should be had, until the issue raised by its denial of the contract as alleged by the plaintiff has been tried and determined favorably to the plaintiff, cannot be sustained. The authorities in this and the decisions in other jurisdictions cited by the defendant are not applicable in this case.

This appeal must be dismissed on the authority of *Johnson v. Mills,* 196 N. C., 93, 144 S. E., 534. As said in the opinion in that case, when a proper order for the examination of the officers and employees, or of the books and records of a corporate defendant, has been duly made, an appeal from the order for such examination to this Court is premature, and will be dismissed. The authorities cited in the opinion in that case support this principle.

The appeal in the instant case is dismissed without prejudice to the right of the defendant to move, if so advised, in the Superior Court, before the judge or the clerk, for a modification of the order for the examination by the plaintiff of its books and records, to the end that only such books and records as contain information pertinent to plaintiff's cause of action, shall be produced by the defendant and submitted to examination by the plaintiff. It would seem that the plaintiff should be required to designate specifically the books and records which he contends contain the information to which he is entitled. At least after

his examination of the officers and employees of the defendant, named in the order, the plaintiff will doubtless be able to do this, and thus have ample opportunity to secure the information to which he is entitled, without a denial of the right of the defendant to be protected from "a drag-net" examination of all its books and records. The appeal is
    Dismissed.