R. D. DOUGLAS, GUARDIAN OF LUCY B. SPENCER, v. JOHN A. BUCHANAN, W. C. LOCKHART, INDIVIDUALLY AND AS TRUSTEE, JAMES MASON, JR., DOLIAN HARRIS, TRUSTEE, AND MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

(Filed 9 June, 1937.)

**1. Bill of Discovery § 1—**

C. S., 900, 901, providing a substitute for the old bill of discovery, are remedial statutes and should be liberally construed.

**2. Bill of Discovery § 3—**

Where the pleadings have been filed, an adverse party may be examined under C. S., 900, 901, as a matter of right without leave of court, and in such instance the filing of an affidavit is unnecessary.

**3. Bill of Discovery § 5—**

Where an examination of an adverse party is founded on the pleadings, the pleadings determine the scope of the examination, and it is error to limit the scope of the examination further.

**4. Appeal and Error § 2—**

An appeal from an order for the examination of an adverse party is premature and ordinarily will be dismissed.

APPEAL by plaintiff and defendants Buchanan and Mason from *Parker, J.,* at Spring Term, 1937, of DURHAM. Error on plaintiff's appeal; affirmed on defendants' appeal.

This is an action instituted by plaintiff against defendants to set aside certain conveyances made by plaintiff and alleging fraud. These allegations were denied by defendants, except Dolian Harris, trustee, admits and denies certain allegations, and as to other allegations says "is without sufficient information to form a belief as to the truth."

The following judgment was rendered in the court below:

"This cause coming on to be heard, and being heard before the undersigned judge regularly holding the courts for the Spring Term, 1937, in the Tenth Judicial District, upon the appeal of the defendants John A. Buchanan, W. S. Lockhart, and James Mason, Jr., from the appointment by the clerk of the Superior Court of Durham County of James R. Patton, Jr., as commissioner, before whom the defendants, to be examined, were directed to appear and testify;

"It having been made to appear to the court, the court finds as facts that after the complaint and answers in this cause were filed, the clerk of the Superior Court of Durham County, at the request of plaintiff, on 21 January, 1937, appointed James R. Patton, Jr., Esq., commissioner before whom the plaintiff might examine said defendants, as adverse parties; that on 29 January, 1937, the plaintiff caused to be

DOUGLAS *v.* BUCHANAN.

duly served upon each of said defendants a written notice that he would examine said defendants at 10:30 a.m., 10 February, 1937, before said James R. Patton, Jr., at the county courthouse in Durham, together with a subpœna for each of said defendants issued by the clerk of the Superior Court of Durham County, requiring them to be present at said time and place for said purpose; that the plaintiff, likewise on 29 January, 1937, caused to be served on C. W. Hall, trustee, and the Massachusetts Mutual Life Insurance Company, the other defendants herein, a notice that their codefendants would be so examined as adverse parties at said time and place; that on 5 February, 1937, the defendants John A. Buchanan, W. S. Lockhart, individually and as trustee, and James Mason, Jr., filed in the office of the clerk of the Superior Court of Durham County their notice of appeal from the appointment of said commissioner.

"It having been made to appear, and the court finding as a fact, that Dolian Harris, trustee, did not appeal from the order of the clerk appointing said commissioner to hold said examination of parties; and that the defendant W. S. Lockhart did in open court before the undersigned judge withdraw his objection to being examined, and consented to such examination in so far as the said W. S. Lockhart is concerned; and it further appearing to the court that no privilege is sought to examine C. W. Hall, trustee, or the Massachusetts Mutual Life Insurance Company.

"And it further appearing to the court that Lucy B. Spencer, who appears in this action through her guardian, R. D. Douglas, has been duly and legally declared to be incompetent by a court of competent jurisdiction, and the court has considered the complaint of the plaintiff and the various answers of the appealing defendants as affidavits, and the court, upon the consideration of the pleadings of the parties, is of the opinion that the plaintiff is entitled to examine the appealing defendants within the scope hereinafter limited, the court is of opinion and finds as a fact that by reason of the incompetency of Lucy B. Spencer the examination of the appealing defendants is necessary under the pleadings considered by the court as affidavits.  The court is therefore of the opinion that the plaintiff has a right to examine said defendants as adverse parties; that said commission to James R. Patton, Jr., was properly issued by the clerk, and that the appeal of said defendants is premature.

"It is now therefore ordered, adjudged, and decreed that the appeal of the defendants John A. Buchanan, W. S. Lockhart, individually and as trustee, and James Mason, Jr., from the appointment by the clerk of the Superior Court of Durham County of James R. Patton, Jr., as commissioner, to take the evidence of the defendants, be and the same is

hereby dismissed; and it is further ordered, adjudged, and decreed by the court in its discretion upon the facts found by it upon the pleadings offered by the plaintiff and used as affidavits that the said defendants sought to be examined by the plaintiff, to wit: John A. Buchanan, James Mason, Jr., W. S. Lockhart, and Dolian Harris, shall appear before James R. Patton, Jr., in the city of Durham, on 8 April, 1937, at 10 a.m., in James R. Patton's office in Durham, N. C., there to submit to examination by the plaintiff. It is, however, ordered, adjudged, and decreed that the examination of the defendants John A. Buchanan and James Mason, Jr., shall be limited to those matters and things relevant and material to the inducements and representations made by the said defendants to the plaintiff, her children and her agents, which allegedly induced the execution of the mortgages, notes, deeds of trust, and deeds referred to in the pleadings, and to those matters and things relevant and material to the amounts actually paid to plaintiff by reason of the execution of said mortgages, notes, deeds of trust, and deeds, described in the pleadings, and as to a relevant and material examination of said defendants as to whether or not they were acting solely for themselves, or as agents, servants, and employees of others."

To the foregoing judgment the plaintiff, in apt time, excepted, assigned error, and appealed to the Supreme Court. To the foregoing findings of fact, conclusions of law, and to the signing of the foregoing judgment the defendants John A. Buchanan and James Mason, Jr., excepted, assigned error, and appealed to the Supreme Court.

*Robert Moseley and Hines & Boren for plaintiff.*

*Bryant & Jones, Allston Stubbs, S. C. Brawley, Jr., and W. S. Lockhart for defendants John A. Buchanan and James Mason, Jr.*

CLARKSON, J. 1. Contention of the defendants: "The defendants contend that the plaintiff has no right to examine the appealing defendants without first filing a sufficient affidavit and securing an order therefor."

2. Contention of the plaintiff: "The plaintiff admits that if the purpose of the proposed examination were to secure information in order to enable him to prepare his complaint, the position of the defendants would be correct; but contends that when, as in this case, all the pleadings have been filed and the purpose of the examination is to secure information for the trial, no such affidavit or order is necessary, and that the plaintiff may examine the defendants as a matter of right. The plaintiff contends, therefore, that so much of Judge Parker's judgment is correct as held 'that the plaintiff has a right to examine said defendants as adverse parties'; 'that the appeal of said defendants is premature, . . . and the appeal be and the same is hereby dismissed,' but

DOUGLAS *v.* BUCHANAN.

that the judge erred in limiting the scope of the examination as set out in the latter part of the last paragraph of the judgment."

N. C. Code, 1935 (Michie), sec. 900, is as follows: "A party to an action may be examined as a witness at the instance of any adverse party, and for that purpose may be compelled, in the same manner and subject to the same rules of examination as any other witness, to testify, either at the trial or conditionally or upon commission. Where a corporation is a party to the action, this examination may be made of any of its officers or agents."

Section 901: "The examination, instead of being had at the trial, as provided in the preceding section, may be had at any time before the trial, at the opinion of the party claiming it, before a judge, commissioner duly appointed to take depositions, or clerk of the court, on a previous notice to the party to be examined, and any other adverse party, of at least five days, unless for good cause shown the judge or court orders otherwise."

These sections are a substitute for a bill of discovery, are remedial, and should be liberally construed. *Abbitt v. Gregory,* 196 N. C., 9.

In *Ward v. Martin,* 175 N. C., 287, the facts, at p. 288, were: "The plaintiff having filed his verified complaint, moved in the cause for an order to examine defendant before the clerk prior to trial under Revisal, secs. 865, 866 (C. S., 900, 901). The clerk made the order and the defendant moved to vacate the same. The motion was denied, and defendant appealed to the Superior Court. His honor, Judge Bond, affirmed the order of the clerk, October Term, 1917, and defendant appealed." In the opinion (same page), it is said: "Where no complaint has been filed and the purpose of the examination is to aid in preparing the complaint, the mover must show by affidavit such facts as will entitle him to the order. In this case the complaint has been filed and sets out a cause of action against defendant. The plaintiff then has a right under the statute to examine the defendant. No leave of court is necessary, as was the case under the old bill of discovery. That requirement is omitted from our statute. *Vann v. Lawrence,* 111 N. C., 34. . . . (p. 289). A motion was made to dismiss this appeal on the ground that it is premature. There are decisions of this Court holding that a party cannot appeal from an order to appear before the clerk to be examined under oath concerning the matters set out in the pleadings. *Pender v. Mallett,* 122 N. C., 163; *Holt v. Warehouse Co.,* 116 N. C., 480; *Vann v. Lawrence,* 111 N. C., 32."

In *Johnson v. Mills Co.,* 196 N. C., 93 (94), speaking to the subject, it is said: "When no pleadings have been filed, the plaintiff, by proper and sufficient affidavit, may apply to the court for an order of examination. *Bailey v. Matthews,* 156 N. C., 78, 72 S. E., 92; *Fields v. Coleman,* 160 N. C., 11, 75 S. E., 1005; *Chesson v. Bank,* 190 N. C., 187,

129 S. E., 403. And when a proper order for such examination has been duly made, an appeal therefrom to the Supreme Court is premature and will be dismissed. *Ward v. Martin,* 175 N. C., 287, 95 S. E., 621; *Monroe v. Holder,* 182 N. C., 79, 108 S. E., 359; *Abbitt v. Gregory, ante,* 9."

In *Bell v. Bank,* 196 N. C., 233, the facts are different and the case distinguishable from the present one. We think there was error in limiting the examination of John A. Buchanan and James Mason, Jr.— the examination is founded on the pleadings, which is broader in scope.

On account of the importance of this case, we consider it on its merits, but the practice is to dismiss as premature.

On the plaintiff's appeal there is error.

On the defendants' appeal, affirmed.