MALCOM B. GRANDY v. DOUGLAS C. WALKER AND DR. GEORGE W. PASCHAL.

(Filed 1 February, 1952.)

**1. Appeal and Error § 22—**

The Supreme Court is bound by the record as filed.

**2. Appeal and Error § 6c (4) : Trial § 14—**

Where a deposition is excluded on a general objection, the objection is a broadside objection to the *en masse* contents of the deposition, and on appeal the Supreme Court will not pronounce a ruling upon the competency and admissibility of each of the many questions and answers contained therein, but will sustain exception to the exclusion of the deposition if there is sufficient competent and relevant matter therein to render its exclusion prejudicial.

**3. Appeal and Error § 37—**

It is the function of the Supreme Court to review alleged error and rulings of the trial court and not to chart the course of the lower court in advance of its rulings.

**4. Trial § 14—**

In order to present the competency and relevancy of particular questions and answers in a deposition, a party must make specific objections in the trial court and secure rulings thereon and properly preserve his exceptions thereto, and a general objection to the deposition is a mere broadside objection to the *en masse* contents of the deposition.

**5. Appeal and Error § 40i—**

Where competent evidence, erroneously excluded, when considered with the other evidence offered by plaintiff, is sufficient to take the case to the jury, judgment of involuntary nonsuit will be reversed.

APPEAL by plaintiff from *Bone, J.*, at March Term, 1951, of WAKE.

Civil action by plaintiff, former member of the Wake Forest College football squad, to recover damages for injuries alleged to have resulted from the negligent care and treatment of him by the defendants Douglas C. Walker, Head Coach, and Dr. George W. Paschal, team physician, following a knee injury sustained on the playing field in Chattanooga, Tennessee, on 1 November, 1946. A voluntary nonsuit was taken before trial as to Coach Walker.

The plaintiff alleges in substance that Dr. Paschal was negligent in failing to exercise proper professional skill and care both in respect to the manner of his treatment of the plaintiff after his removal from the playing field in Chattanooga and in connection with surgical operations later performed on the injured knee, resulting in alleged permanent injuries. Dr. Paschal in his answer specifically denies that he failed to exercise proper care or skill in any respect. In the trial below both parties offered evidence, sharply contradictory in nature, bearing on the issue of negligence. The defendant's motion for judgment of nonsuit, first made when the plaintiff rested his case and renewed at the conclusion of all the evidence, was allowed by the court.

From judgment of nonsuit based on the foregoing ruling the plaintiff appealed, assigning errors.

*John W. Hinsdale and Sam J. Morris for plaintiff, appellant.*

*Smith, Leach & Anderson and J. Francis Paschal for defendant, appellee.*

JOHNSON, J. The plaintiff emphasi-es his exception to the action of the court in excluding the deposition of Dr. J. D. Eaddy, of Florence, South Carolina.

The record does not indicate the theory upon which the court below excluded the deposition. It nowhere appears that any objection or motion was directed to the form of the deposition or to the competency of Dr. Eaddy as a witness. The record merely sets forth that "Upon objections and motions of the defendant's attorney, the court excluded said deposition." If specific objection or motion was directed to each of the questions and answers appearing in the deposition and ruled upon by the court below, nothing of the sort has been made to appear. The record reflects nothing more than what amounts to a broadside objection to the deposition. Thus, upon this record, and we are bound by the record as it comes to us (*Dellinger v. Clark*, 234 N.C. 419, 67 S.E. 2d 448), the deposition stands excluded in much the same manner as if Dr. Eaddy had been called to testify in person but precluded from doing so upon mere general objection or motion interposed by the defendant and sustained by the court. This sort of *in limini* rejection of the deposition

upon general objection may be upheld only in the event some tenable ground exists for the exclusion of all material portions of the testimony given by Dr. Eaddy. Wigmore on Evidence, Third Edition, Vol. I, Section 18, pp. 338 and 339. Compare pp. 332 and 333; 4 C. J. S., Appeal and Error, Section 291,—compare with Section 290. See also 4 C. J. S., Appeal and Error, Section 295, p. 588; *Summerlin v. Railroad Co.,* 133 N.C. 550, 45 S.E. 898.

Here, upon the face of the record there appears to be no available ground of objection upon which all material portions of the deposition may be held inadmissible. Manifestly, much of the testimony given by the deponent is both admissible and pertinent to the issue.

In this state of the record, it is incumbent on us to examine the contents of the excluded deposition only for the purpose and to the extent of determining whether admissible portions of it contain testimony of sufficient materiality for its exclusion to amount to prejudicial, as distinguished from harmless, error. Wigmore on Evidence, Third Edition, Vol. I, Section 18, pp. 338 and 339. See also *Comstock v. Smith,* 23 Me. 202, bot. p. 209. It is not within the province of this Court, upon the record as here presented by broadside objection to the *en masse* contents of the deposition, to go through its forty pages and separate "the good from the bad" (*Nance v. Telegraph Co.,* 177 N.C. 313, p. 315, 98 S.E. 838) and pronounce a ruling upon the competency and admissibility of each of the many questions and answers contained in the deposition. This is so for the reason it does not appear on the record that the competency of the various questions and answers was either specifically challenged or ruled upon in the court below, and unless and until this is done, it is not given for us to make specific rulings thereon. It is the function of this Court to review alleged errors and rulings of the trial court, and not to chart the course of the lower court in advance of its rulings. *Woodard v. Clark,* 234 N.C. 215, 66 S.E. 2d 888; *Leggett v. College,* 234 N.C. 595, 68 S.E. 2d 263; *Clothing Store v. Ellis Stone & Co.,* 233 N.C. 126, bot. p. 131, 63 S.E. 2d 118.

If a litigant would avail himself of specific rulings of this Court on the competency of various challenged questions and answers in a deposition, he must first make specific objections in the court below, secure rulings thereon, and see that these rulings are properly placed in the record and brought forward for review. See *Jeffords v. Waterworks,* 157 N.C. 10, 72 S.E. 624.

Our examination of the excluded deposition for the limited purpose indicated leads us to the conclusion that its exclusion was materially prejudicial to the plaintiff.

We have reviewed the evidence offered by the plaintiff, and conclude that it is sufficient, when considered with the admissible portions of the excluded deposition, to take the case to the jury. This necessitates a

reversal of the judgment of nonsuit entered below, to the end that the plaintiff's cause may be retried in accordance with the decision here reached. Therefore, the judgment below is

Reversed.