WILLIAM A. TILLIS, SR., v. CALVINE COTTON MILLS, INC., A CORPORATION, AND LEON SALKIND.

(Filed 12 June, 1953.)

**1. Appeal and Error § 2: Bill of Discovery § 1c—**

When motion for examination of the adverse party as a matter of right after the pleadings have been filed on both sides is supported by affidavit which meets statutory requirements, G.S. 1-568.9 (c), G.S. 1-568.11, an appeal from order allowing the motion is premature and will be dismissed.

**2. Bill of Discovery § 1c: Pleadings § 26: Election of Remedies § 5½—**

A bill of particulars and a bill of discovery are not inconsistent remedies, and therefore the denial of an application for a bill of particulars does not preclude the same party from thereafter moving for leave to examine the adverse party in regard to the same matters. G.S. 1-150, G.S. 1-568.1 *et seq.*

APPEAL by plaintiff from *Sharp, Special Judge,* at 5 January, 1953, Regular Civil Term of MECKLENBURG.

Civil action to recover for alleged breach of contract, heard below on motion of the defendants for an order to examine the plaintiff adversely for the purpose of obtaining evidence to be used at the trial.

In September, 1950, after the pleadings were filed on both sides, the plaintiff was examined adversely by the defendants. From this examination, the narrative of which covers nearly 19 pages of the record, it appears that the plaintiff was examined in detail as to both the terms of the alleged contract and the particulars respecting breach and the question of damages.

The case came on for trial in November, 1951. After the plaintiff had been examined somewhat in detail, a question arose respecting the competency of certain proffered testimony relative to loss of profits caused by the defendants' alleged breach of the contract. Thereupon Judge Patton, then presiding, being of the opinion that in order to render such evidence admissible it was necessary that the complaint be amended, ordered a mistrial and a new trial, and granted the plaintiff leave to amplify his complaint by stating more minutely his claim for special damages. And this was done by amendment filed 5 March, 1952.

In April, 1952, the defendants moved the court for a bill of particulars to require the plaintiff to amplify further his allegations of damages. The motion was denied by Judge Moore. From this discretionary ruling, the defendants appealed. The appeal was dismissed by *per curiam* opinion of this Court filed 19 November, 1952 (236 N.C. 533, 73 S.E. 2d 296).

Thereafter the defendants answered, denying the material allegations of the complaint as amended.

On 2 January, 1953, the defendants, on *ex parte* application, obtained leave of the clerk to examine the plaintiff adversely on interrogatories which were submitted with the motion. The plaintiff immediately moved the clerk to vacate the order of examination. A hearing ensued in which both sides participated. It was made to appear that practically all the interrogatories submitted by the defendants are couched in the precise language of the defendants' previous application for bill of particulars, and that the interrogatories are calculated to elicit substantially the same information denied the defendants on application for bill of particulars. The clerk found that the amendment to the complaint and the previous examinations of the plaintiff afforded the defendants adequate information to defend the action, and thereupon entered an order setting aside the former order and denying the defendants' motion for further examination of the plaintiff.

From this order the defendants appealed to the Superior Court. There Judge Sharp, being of the opinion that the defendants were entitled to examine the plaintiff as a matter of right, entered an order reversing the

latter ruling of the clerk and allowing the examination as originally ordered.

From the order so entered the plaintiff appealed to this Court, assigning errors.

G. T. Carswell, B. Irvin Boyle, and James F. Justice for plaintiff, appellant.

Clayton & Sanders for defendants, appellees.

JOHNSON, J. This proceeding to examine the plaintiff before trial was under the procedure prescribed by Chapter 760, Session Laws of 1951, now codified as G.S. 1-568.1 through 1-568.27. This Act repealed the former statutes dealing with examination of parties before trial (G.S. 1-568 through 1-576).

The statute directs that a party may be examined adversely for the purpose of obtaining evidence to be used at the trial, G.S. 1-568.3 (2); and where the pleadings have been filed on both sides, an examination may be had as "a matter of right." G.S. 1-568.9 (c).

Here the pleadings are in on both sides. The defendant's preliminary affidavit on which the order below is based meets statutory requirements. G.S. 1-568.11. See also Douglas v. Buchanan, 211 N.C. 664, 191 S.E. 736.

Therefore under our usual procedure the appeal will be dismissed as premature. Abbitt v. Gregory, 196 N.C. 9, 144 S.E. 297. See also Brown v. Clement Co., 203 N.C. 508, 166 S.E. 515; Whitehurst v. Hinton, 184 N.C. 11, 113 S.E. 500; Monroe v. Holder, 182 N.C. 79, 108 S.E. 359; Pender v. Mallett, 122 N.C. 163, 30 S.E. 324; Holt v. Warehouse, 116 N.C. 480, 21 S.E. 919; Vann v. Lawrence, 111 N.C. 32, 15 S.E. 1031; Shelby v. Lackey, 235 N.C. 343, 69 S.E. 2d 607; City of Raleigh v. Edwards, 234 N.C. 528, 67 S.E. 2d 669.

A consideration of the appeal on its merits as in Knight v. Little, 217 N.C. 681, 9 S.E. 2d 377, would avail the plaintiff no substantial relief. A bill of particulars and discovery under our statutes are not inconsistent remedies; rather, they are concurrent and cumulative remedies. G.S. 1-150 and G.S. 1-568.1 et seq.; 71 C.J.S., Pleading, Sections 376, 388 (p. 816), and 393 (p. 825). Therefore the defendants were not put to an election in applying for a bill of particulars. Randle v. Grady, 228 N.C. 159, 45 S.E. 2d 35; 18 Am. Jur., Election of Remedies, Sections 9 through 13. Moreover, it is noted that some, at least, of the interrogatories submitted by the defendants as the basis for their motion for leave to examine the plaintiff would seem to be unobjectionable. See Grandy v. Walker, 234 N.C. 734, 68 S.E. 2d 807; 27 C.J.S., Discovery, Section 61, note 65.

Besides, the provisions of G.S. 1-568.17 and 1-568.18 and related statutes furnish the plaintiff adequate protection against harassment or the hazard of untoward consequences on refusal to answer such of the interrogatories as appear to be unduly repetitious or beyond the proper scope of examination. See also G.S. 1-568.23 (d).

Appeal dismissed.