FISHEL AND TAYLOR, ARCHITECTS v. GRIFTON UNITED
METHODIST CHURCH, AN UNINCORPORATED
RELIGIOUS ASSOCIATION

No. 713SC533

(Filed 15 December 1971)

Rules of Civil Procedure § 38— jury trial — written request — pleadings closed before effective date of Rules

Where the pleadings in architects' action to recover for services rendered were closed prior to 1 January 1970, the effective date of the North Carolina Rules of Civil Procedure, and juries had been empaneled to try the case on two previous occasions since that date, the trial court erred in determining that defendant had waived the right to a jury trial under Rule of Civil Procedure No. 38 by failing to file a written request therefor. G.S. 1A-1, Rule 38.

*Certiorari* to review order of *May, Special Judge,* 24 May 1971 Session of Superior Court held in PITT County.

Plaintiff instituted this action on 22 September 1969. Defendant filed answer and counterclaim on 24 October 1969. The final pleading was plaintiff's reply filed 4 November 1969. The case came on for trial at the 14 March 1970 Session of Pitt County Superior Court. A jury was impaneled but before evidence was offered plaintiff's motion for judgment on the pleadings was allowed. On defendant's appeal to this Court the judgment was reversed by decision reported in 9 N.C. App. 224, 175 S.E. 2d 785. The case again came on for trial at the February 1971 Session of Pitt County Superior Court. The jury was unable to reach a verdict whereupon the presiding judge withdrew a juror and ordered a mistrial. On 24 May 1971, on plaintiff's motion, Judge May entered the order from which defendant appealed. In substance the order holds that defendant, never having filed a written request for a trial by jury, has waived the right to trial by jury under Rule 38 of the Rules of Civil Procedure and ordered defendant be denied the right of trial by jury. Defendant appealed.

*R. Mayne Albright for plaintiff appellee.*

*Wallace, Langley, Barwick and Llewellyn by F. E. Wallace, Jr., and James D. Llewellyn and White, Allen, Hooten and Hines by Thomas J. White, Jr., and John R. Hooten for defendant appellant.*

VAUGHN, Judge.

The parties do not raise nor do we decide the question of whether Judge May's interlocutory order was one from which appeal lies as a matter of right under G.S. 7A-27. We treat defendant's appeal as a petition for certiorari which is allowed. The pleadings in this case were closed prior to 1 January 1970, the effective date of the North Carolina Rules of Civil Procedure. Defendant had the right to trial by jury before the effective date of Rule 38. In fact two juries have been impaneled to try the case since the effective date of Rule 38. The esteemed trial judge erred in entering the order from which defendant appeals and the same is hereby reversed.

Reversed.

Judges BROCK and BRITT concur.