LUCY BLOUNT WILLIAMS v. JUDSON H. BLOUNT, SR., JUDSON H. BLOUNT, JR., INDIVIDUALLY AND AS ATTORNEY-IN-FACT FOR JUDSON H. BLOUNT, SR., AND STATE BANK AND TRUST COMPANY

No. 7210SC14

(Filed 29 March 1972)

1. Appeal and Error § 6— information to file complaint — adverse examination — appeal from order

Appeal from an order allowing plaintiff to examine defendants for the purpose of securing information to draw a complaint is premature and subject to dismissal.

2. Actions § 10; Rules of Civil Procedure § 3— service of summons — commencement of action under old rules — effect of new Rules of Civil Procedure

Where plaintiff commenced an action in 1968 by issuance of summons in accordance with former G.S. 1-14, but has not yet filed a complaint, the subsequent enactment of the Rules of Civil Procedure, under which an action is commenced by filing a complaint, did not require that she recommence her action in accordance with the new Rules. G.S. 1A-1, Rule 3.

3. Bill of Discovery § 2; Rules of Civil Procedure § 27— information to file complaint — order under former statute — effect of new Rules of Civil Procedure

Where an order was entered in 1968 allowing plaintiff to examine defendants pursuant to former G.S. 1-568.10 for the purpose of securing information to file a complaint, plaintiff has a vested right to conduct such examination and need not move for an adverse examination under either G.S. 1A-1, Rule 26, relating to the taking of depositions after the commencement of an action, or G.S. 1A-1, Rule 27(b), relating to the taking of depositions in preparation for filing a complaint.

APPEAL by defendants from *Godwin, Special Judge,* 14 June 1971 Session of Superior Court held in WAKE County.

Plaintiff instituted this action on 12 July 1968 by causing summons to be issued against defendants. At the same time plaintiff, through her attorney, filed an application and affidavit seeking an order allowing adverse examination of defendants for the purpose of preparing a complaint pursuant to former G.S. 1-568.10. On plaintiff's motion, an order was entered extending the time to file complaint until after the adverse examination had been held. The purpose of the action, as stated in the application and affidavit for adverse examination is to have "declared null and void upon the books of State Bank and Trust Company a purported transfer of plaintiff's shares of stock in State Bank and Trust Company by the defendant, Judson H. Blount, Jr., Attorney in Fact for Judson H. Blount, Sr., and to recover possession of said shares of stock, or to recover of defendants, jointly and severally, damages for the wrongful conversion of plaintiff's stock in State Bank and Trust Company." Defendants moved to vacate the orders allowing the examination and after a hearing before the Clerk their motions were denied. Defendants then appealed to the superior court where the Clerk's order allowing the examination was affirmed. Defendants now appeal to this Court.

*Manning, Fulton and Skinner by Howard E. Manning and John B. McMillan for plaintiff appellee.*

*James, Hite and Cavendish by M. E. Cavendish for defendant appellants Blount.*

*Sam B. Underwood, Jr., for defendant appellant Bank.*

VAUGHN, Judge.

[1]  Defendants are appealing from an order entered allowing plaintiff to examine defendants for the purpose of securing information to draw a complaint. Appeal from such an order is premature and subject to dismissal. *Tillis v. Cotton Mills,* 238 N.C. 124, 76 S.E. 2d 376; *Brown v. Clement Co.,* 203 N.C. 508, 166 S.E. 515; *Johnson v. Mills Company,* 196 N.C. 93, 144 S.E. 534. However, this Court can, and in this case will, in its discretion, consider the appeal on its merits. *Fox v. Yarborough,* 225 N.C. 606, 35 S.E. 2d 885; *Knight v. Little,* 217 N.C. 681, 9 S.E. 2d 377; *Bohannon v. Trust Co.,* 210 N.C. 679, 188 S.E. 390.

Defendants contend that plaintiff's application and affidavit fail to meet the requirements of former G.S. 1-568.10 under which plaintiff is moving. Such assignments of error as are brought forward and which are supported by proper exceptions fail to disclose prejudicial error in the order allowing the examination.

[2] Among other things, defendants contend that the enactment of the North Carolina Rules of Civil Procedure, and their implementation as of 1 January 1970, serves to negate any action taken prior to that date. Defendants specifically contend that plaintiff has not commenced an action since, under Rule 3, an action is commenced by filing a complaint, which plaintiff has not done. As the time this action was initiated in 1968 an action was commenced by the issuance of a summons in accordance with former G.S. 1-14. Plaintiff successfully commenced this action as of 12 July 1968 by causing summons to be issued against the defendants and the subsequent enactment of the North Carolina Rules of Civil Procedure does not require that she recommence her action.

[3] Defendants further contend that in order for plaintiff to secure the information requested in her original application and affidavit for adverse examination she must now move under either Rule 26, relating to the taking of depositions after the commencement of an action, or Rule 27(b), relating to the taking of depositions in preparation for filing a complaint. We find no merit in this contention. On 12 July 1968 plaintiff made application for an adverse examination pursuant to former G.S. 1-568.10. On the same date an order was entered allowing the examination. Upon entry of that order, plaintiff had a vested right to conduct the examination. The subsequent enactment of the Rules of Civil Procedure did not divest her of this right. See *Fishel & Taylor v. Church,* 13 N.C. App. 238, 185 S.E. 2d 322.

Affirmed.

Judges BROCK and HEDRICK concur.